UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE DIAL CORPORATION, ET AL.,

      Plaintiffs,

v.

NEWS CORPORATION, ET AL.,

      Defendants.
_____/

Case No.  12-15613

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE MONA K. MAJZOUB

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [29] GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE [11]**

Before the Court is Magistrate Judge Majzoub's Report and Recommendation (R&R) [29], recommending that this Court GRANT Defendants' Motion to Transfer Venue [11], transferring this case to the United States District Court for the Southern District of New York under 28 U.S.C. § 1404, and denying as moot Defendants' alternative Motion to Dismiss [11].

For the reasons stated below, the R&R [29] is AFFIRMED, Defendants' Motion to Transfer Venue [11] is GRANTED, the case is transferred to the Southern District of New York, and Defendants' alternative Motion to Dismiss [11] is MOOT.

# I. Procedural Background

On December 21, 2012, Plaintiff Dial Corporation (Dial) filed this action alleging that Defendants have violated the Sherman Act, the Clayton Act, and the Michigan Antitrust Reform Act. On December 27, 2012, Plaintiff H.J. Heinz Company (Heinz) joined the action by way of an Amended Complaint [3]. Plaintiffs H. J. Heinz, L.P. (Heinz LP) and Foster Poultry Farms (Foster) joined the action in the Second Amended Complaint [24], filed on May 5, 2013.

On January 24, 2013, Defendants filed its Motion to Transfer Venue or, in the Alternative, to Dismiss [11]. Plaintiffs filed a Response [15] on February 7, 2013, and Defendants filed a Reply [17] on February 19, 2013. Plaintiffs then filed a Supplemental Opposition to Defendants' Motion [18] on February 22, 2013, and Defendants filed a Supplemental Response [19] on February 27, 2013. Plaintiff then filed a Second Supplemental Opposition [22] on April 26, 2013, and Defendants filed a Second Supplemental Response [25] on May 2, 2013. This Court referred this matter to Magistrate Judge Majzoub on January 25, 2013.

The R&R [29] now before the Court was filed on May 10, 2013. Plaintiffs filed its Objections [33] on May 24, 2013. Defendants' filed its Conditional Objections [34] on the same day. On June 3, 2013, Plaintiffs filed a Response [35] to Defendants' Conditional Objections [34]. On the same day, Defendants filed a Response [36] to

Plaintiffs' Objections [33]. On June 10, 2013, Plaintiffs filed a Reply [38], as did Defendants [39]. On July 15, 2013, Defendants filed a Motion to Supplement the Record [43].

Now pending is Plaintiffs' Motion for Leave to File the Third Amended Complaint [46], filed on August 16, 2013. In response to Plaintiffs' Amended Complaint [24], Defendants filed a second Motion to Transfer Case [32] on May 23, 2013, preserving its claims as to venue addressed in the R&R [29] now before the Court.

The parties dispute whether this case is a companion case to another matter before this Court, *Valassis Communications, Inc. v. News America, Inc. et al.*, Case No. 06-1024 (E.D. Mich.). On January 24, 2013, Defendants in the matter now before the Court filed an action against Plaintiffs for declaratory relief in the United States District Court for the Southern District of New York, *News Am. Marketing In-Store Services L.L.C., et al. v. The Dial Corporation, et al.*, No. 13-00550 (S.D.N.Y.).

## II. Factual Background

The R&R [29] contains a detailed explanation of the factual background of this case. The parties dispute only one point included in this section of the R&R [29]: whether or to what extent a mandatory forum selection clause applies to the claims

made by Plaintiff Foster. Aside from this dispute,[1] the Court adopts the factual background as set out in the R&R [29] in full.

### III. Standard of Review

When a party objects to a magistrate judge's findings as to a nondispositive issue, the district judge must consider timely objections and modify or set aside any findings that are clearly erroneous or is contrary to law. *See* Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); *see also Baker v. Peterson*, 67 Fed. Appx. 308, 311 (6th Cir. 2003)(finding it is within the district court's discretion to conduct higher review of a nondispositive issue). A finding is clearly erroneous when, "although there is evidence to support the finding, the Court is left with the definite and firm conviction that a mistake has been committed." *United States v. Lucas*, 640 F.3d 168, 173 (6th Cir. 2011)(citing *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985)).

---

[1] Defendants' Conditional Objection [34] asserts that the R&R [29] incorrectly states that the parties agree that Plaintiff Foster's contracts with Defendants have permissive forum selection clauses. Instead, Defendants contend that the contracts include mandatory selection-clauses. Defendants further argue that this correction either does not effect the Magistrate Judge's recommendation to grant the Motion to Transfer Venue [11], or further supports this recommendation. In its Response [35], Plaintiffs counter, arguing that the clauses do not apply to this case, that if they do apply they only apply to a small portion of the claims at issue, and that any application of the clauses does not support transfer. Because the mandatory rather than permissive clauses would not tend to alter the Magistrate Judge's recommendation, and because this Court considers Plaintiffs' arguments as to the application of the clauses below, *see infra* at Objection 3, this potential factual inaccuracy does not effect the Court's holding.

## IV. Analysis

Title 28 U.S.C. § 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." District courts have broad discretion to determine when a transfer of venue is appropriate. *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009). The moving party bears the burden of proving that the court should transfer the action. *Steelcase v. Smart Technologies, Inc.*, 336 F.Supp.2d 714, 719 (W.D. Mich.2004).

The district to which the moving party proposing transfer to must be one in which the case might have been brought originally. *Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964). When this threshold requirement has been met, "a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness. *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir.1991). The private interests of the parties include the following:

> (1) the convenience to the parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (7) the interests of justice, a term broad enough to cover the particular circumstances of each case, which in sum indicate that the administration of justice will be advanced by a transfer.

*Campbell v. Hilton Hotels Corp.*, 611 F.Supp. 155, 157 (E.D. Mich. 1985) (citing *Schneider v. Sears*, 265 F.Supp. 257, 263 (S.D.N.Y. 1967)). Public-interest factors include the following:

> (i) the enforceability of the judgment; (ii) practical considerations affecting trial management; (iii) docket congestion; (iv) the local interest in deciding local controversies at home; (v) the public policies of the fora; and (vi) the familiarity of the trial judge with the applicable state law.

*Steelcase, Inc. v. Smart Technologies, Inc.*, 336 F.Supp.2d 714, 720 (W.D. Mich. 2004) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3rd Cir. 1995)).

Courts also regularly consider Plaintiff's choice of forum and the existence of a contractual forum-selection clause as significant factors when balancing the parties' interests. *Kerobo v. S.W. Clean Fuels, Corp.*, 285 F.3d 531, 537-38 (6th Cir. 2002). "The existence of a forum selection clause is a significant factor that figures centrally when determining if transfer of venue is proper, and such clauses should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Fluidtech, Inc.*, 457 F. Supp. 2d at 767 (internal quotation marks and citations omitted). While a choice of forum provision is not dispositive of venue, however, a party faces a "heavy burden of proof to set aside a forum selection clause on grounds of inconvenience." *Id.*

The R&R [29] finds that "before considering the Plaintiff's choice of forum and the forum-selection clause, [the] factors weight heavily in favor of transfer" and "when combined with the other factors considered by the Court, the scales tip slightly in favor of granting" Defendants' Motion to Transfer Venue [11]. The R&R adds that "with regard to Heinz's claims that are subject to the mandatory forum-selection clause, the existence of the clause weighs greatly in favor of transfer. Therefore, when combined with the other factors considered by the Court, transfer of these claims is also appropriate."

Plaintiffs' present eight separate objections to the R&R [29] and against transfer of the case to the Southern District of New York. These objections are addressed in turn below.

**Objection 1**

Plaintiffs first object arguing that the finding that the scales tip "slightly" in favor of transfer is insufficient to support transfer of the case. Specifically, Plaintiffs point to case law holding that a plaintiff's choice of forum must be given "substantial weight." *See United States v. Cinemark USA, Inc.*, 66 F. Supp. 2d 881, 887 (N.D. Ohio 1999) (citing *Picker Int'l, Inc. v. Travelers Indem. Co.*, 35 F. Supp. 2d 570, 573 (N.D. Ohio 1998)). However, given that the Magistrate Judge found that the balance of factors weighs heavily of transfer prior to the consideration of Plaintiffs' choice of

forum, and then only slightly in favor of transfer after considering this choice, it is rather clear that this choice was given great weight. Moreover, the finding that the scales tip "slightly" in favor of transfer is the finding of the Magistrate before consideration of the mandatory forum-selection clause. The R&R finds that the forum-selection clause weighs greatly in favor of transfer. Therefore, Plaintiffs' objection here does not accurately represent the findings of the R&R [29] and is also unavailing.

**Objection 2**

Second, Plaintiff asserts that the R&R [29] does not properly consider the "interest of justice" standard provided in Title 28 U.S.C. § 1404(a). Plaintiffs' rely on the argument that this Court's involvement in the possible companion case, *Valassis Communications, Inc. v. News America, Inc. et al.*, Case No. 06-1024 (E.D. Mich.), requires retention of the matter now before the Court. The Magistrate Judge found that "[a]ny procedural advantage gained by the Court in having previously handled the *Valassis* matter would be earned by reviewing the docket rather than by rote memory; any judge in the Southern District of New York would be able to review the *Valassis* docket as well," but that this Court's familiarity with the factual similarities between the two cases weighs heavily in favor of retention. Therefore, as an initial matter, the Magistrate Judge did in fact consider judicial economy and the interests of justice in its weighing of all relevant factors.

In addition, Plaintiffs incorrectly conclude that *Valassis* is a companion to the matter now before the Court. Such a determination was never made because this case was initially assigned to this Court and did not require review of the possible companion case listed by Plaintiffs. Moreover, as Plaintiffs note, transfer is favored when related actions are pending in the same district. However, *Valassis* is closed, and no longer a pending matter before this Court. Finally, while there may be similar issues of fact and law between the two cases, the parties are not identical.

Therefore, Plaintiffs' second objection is also unavailing.

**Objection 3**

Plaintiffs next object to the Magistrate Judge's finding that the convenience of the parties moderately favors transfer. Instead, Plaintiffs assert that this factor is a neutral factor.

First, Plaintiffs incorrectly state that the R&R [29] finds that "mandatory forum selection clauses moderately *support retention*." Rather, the Magistrate Judge found that:

> with regard to Dial's claims, Foster's claims, and any portion of Heinz's claims that are not covered by the forum-selection clause, Plaintiffs' choice of forum will be given moderate weight, but not substantial deference. With regard to Heinz's claims that are subject to the mandatory forum-selection clause, the Court affords no weight to Heinz's choice of forum and finds that this factor weighs greatly in favor of transfer.

Plaintiffs then suggest that this finding is inconsistent with the Magistrate Judge's conclusion that the convenience of the parties moderately favors transfer. The R&R [29] specifically finds "[w]hether mandatory or permissive, Plaintiffs were all on notice that claims arising out of the contracts at issue were subject to the laws of the State of New York, and they consented to jurisdiction in New York courts." For the first time, Plaintiffs argue that the forum-selection clauses do not apply to the claims brought in this matter. Not only did Plaintiffs most likely waive this claim by failing to present it to the Magistrate Judge prior to presenting it to this Court, *see Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000), but also the courts have held that federal antitrust claims can arise from or are related to the parties' contracts. *See Roby v. Corporation of Lloyd's*, 996 F.2d 1353, 1361 (2d Cir. 1993) (citing *Bense v. Interstate Battery System of America*, 683 F.2d 718, 720 (2d Cir. 1982) and *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, reh'g denied, 419 U.S. 885 (1974)).

Therefore, permissive forums-selection clauses are not exempt from consideration in the convenience of parties. As such, the Magistrate Judge's finding is not clearly erroneous, and the objection fails.

**Objection 4**

Plaintiff then argues that the R&R [29] fails to "give heavy weight to Plaintiffs' ability to compel the attendance of witnesses within the subpoena power of this Court." The Magistrate Judge found that:

10

> Even assuming, however, that the Michigan-based Valassis witnesses would all refuse to travel to New York, Plaintiffs' argument does not account for Valassis witnesses located outside of Michigan or any other witnesses located in New York, Arizona, Pennsylvania, California, or Minnesota, all of whom would be beyond the Court's subpoena power. Thus, it appears to the Court that the limitations of the Court's subpoena power will impact the proceedings no matter what the forum. Therefore, this Court finds that this factor neither weighs in favor of transfer or retention of this matter.

Plaintiffs object, arguing that "that live testimony from the Valassis officers working in its headquarters in Livonia, Michigan will be highly material to Plaintiffs'" case and that it "must be assumed that they will not appear voluntarily." Plaintiffs made a similar argument to the Magistrate Judge. The R&R [29] finds that this argument is based on conjecture. While Plaintiffs may be able to show that some of these witnesses are in fact located in Michigan, Plaintiffs have failed to provide any further evidence for the need for subpoena power over these witnesses. Moreover, Plaintiffs have not rebutted the possibility, as pointed to by the Magistrate Judge, that other material witnesses would not be under the subpoena power of this Court.

Therefore, Plaintiffs have failed to show that the Magistrate Judge's findings are clearly erroneous or contrary to law. As such, the fourth objection is unavailing.

**Objection 5**

Plaintiffs' fifth objection makes a similar argument as the fourth, asserting that the R&R [29] fails to weigh heavily the convenience of Plaintiffs' witnesses and

11

Defendant News Corp.'s witnesses in Michigan and Minnesota. The Magistrate Judge found that:

> with regard to witnesses from Plaintiffs' own organizations, both Michigan and New York appear to be mutually inconvenient. And with regard to witnesses in Defendants' organizations, the Southern District of New York is more convenient than the Eastern District of Michigan. With regard to third-party witnesses that *may* be called, with the exception of a few witnesses who may live in Michigan, both Michigan and New York appear to be equally inconvenient. Thus, this factor weighs slightly in favor of transfer.

In its objection, Plaintiffs argue that Detroit is more convenient for Plaintiff witnesses from Arizona and California than New York City.

This argument is not compelling nor does it show that the findings within the R&R [29] are clearly erroneous. As such, this objection also fails.

**Objection 6**

Next, Plaintiffs' argue that the R&R [29] errs in finding that access to proofs moderately favors transfer, and is instead a neutral factor. Here, Plaintiffs present an argument opposite to the argument it presented to the Magistrate Judge. In its Objections [33] now before the Court, Plaintiffs assert that because most discovery is available in electronic form and transferred by electronic means, the physical location of proofs is no longer relevant. The Magistrate Judge uses much the same facts to conclude that this factor weighs moderately, rather than heavily, in favor of transfer. However, as noted in the R&R [29], in its argument against Defendants'

Motion to Transfer Venue [11] presented to the Magistrate Judge, Plaintiffs argued that "[m]assive numbers of documents have been discovered and produced in the *Valassis* [matters, so t]hey are more readily available in this forum."

The drastic change in Plaintiffs' argument is both concerning and unavailing. As such, Plaintiffs' objection here is denied.

### Objection 7

Plaintiffs' seventh objection argues that the R&R [29] erroneously found that the local interest slightly favors transfer. Plaintiffs assert that the litigation is not specific to New York, is relevant to Defendants' business across the national, and that it should therefore be a neutral factor. The Magistrate Judge specifically found that "New York has a stronger interest in resolving this matter because the alleged unlawful conduct was committed by Defendants, whose principal place of business is in New York." Plaintiffs have failed to show that this conclusion is incorrect or irrelevant. Therefore, the objection fails.

### Objection 8

Finally, Plaintiffs object to the Magistrate Judge's alternative recommendation, finding that should this Court fail to adopt the R&R [29], then this Court should grant Defendants' alternative Motion to Dismiss [11] with regard to any of Plaintiff Heinz's claims subject to the mandatory forum-selection clause. However, because this Court adopts the R&R [11], this objection is now moot.

## V. Conclusion

For the reasons stated above, the R&R [29] is AFFIRMED, Defendants' Motion to Transfer Venue [11] is GRANTED, the case is transferred to the Southern District of New York, and Defendants' alternative Motion to Dismiss [11] is MOOT.

Therefore,

**IT IS HEREBY ORDERED** that the R&R [29] is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Transfer Venue [11] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' alternative Motion to Dismiss [11] is **MOOT**.

**IT IS FURTHER ORDERED** that the case is transferred to the United States District Court for the Southern District of New York.

**SO ORDERED**.

s/Arthur J. Tarnow  
ARTHUR J. TARNOW  
SENIOR UNITED STATES DISTRICT JUDGE

DATED: September 24, 2013