PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
TELEPHONE (202) 223-7300

WASHINGTON, DC 20006-1047

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 3601, OFFICE TOWER A
BEIJING FORTUNE PLAZA
NO. 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(202) 223-7356

WRITER'S DIRECT FACSIMILE
(202) 204-7356

WRITER'S DIRECT E-MAIL ADDRESS
kgallo@paulweiss.com

May 5, 2015

**By ECF and Hand Delivery**

The Honorable William H. Pauley III
United States District Judge
Daniel Patrick Moynihan
    United States Courthouse
500 Pearl Street
New York, NY  10007-1312

*The Dial Corporation, et al.* v. *News Corporation, et al.*,
No. 13-cv-06802 (WHP) (S.D.N.Y.)

Dear Judge Pauley:

We write on behalf of Defendants in the above-referenced matter to respond to Plaintiffs' April 30, 2015 letter.  Plaintiffs' letter principally addresses two issues:  (1) the timing of Defendants' April 14, 2015 disclosure to Plaintiffs and the Court regarding a technology issue impacting Defendants' production and (2) Plaintiffs' alleged need for additional discovery relating to that disclosure.  We address these points in turn below.

**1.**     **Timing**.  As set forth in Defendants' April 27, 2015 letter to Plaintiffs (*see* Dkt. 224, Ex. A), it was not until mid-March that we had reasonably reliable information as to the impact of the technology issue affecting NAM's email index, if any, on our production or an understanding of whether and when the index would be repaired, and it was not until April that we had a rebuilt index that we could search to reliably determine what emails had been excluded from our original productions.  Also until mid-March, we believed that the indexing issue would not significantly impact our production.  Based on data received from its vendor, NAM IT believed that the number of emails that had not been collected and produced was likely to be small.  (*See id.*)  This advice appeared to be corroborated by the significant volume of emails (over 4.7 million pages) already collected and produced and by the fact that, other

The Honorable William H. Pauley III                                                                                          2

than the single email chain that originally caused us to investigate this issue,[1] we had not identified any other documents that were missing from NAM's collection. Once we received information indicating that a substantial number of emails likely had been excluded from our production, we promptly disclosed that issue to Plaintiffs and the Court. Before that time, there was nothing reliable we could have reported to the Court or Plaintiffs.

Since submitting our April 14 letter to the Court, Defendants have made every effort to address Plaintiffs' questions and concerns about these issues. At Plaintiffs' request, we provided a detailed written description of the technology issue that led to certain documents being inadvertently excluded from our prior productions, including when and how that issue was discovered, on April 27. (*See id.*) We also have told Plaintiffs repeatedly—including on April 14 and in subsequent communications—that we are willing to meet and confer about these issues and to address any additional concerns they may have, including concerns about scheduling that might result from Defendants' supplemental productions of documents.

Finally, we dispute Plaintiffs' suggestion that Defendants stand to gain any litigation advantage as a result of these events. The reality is that we gain nothing. We also wish to stress that this is **not** a case involving lost or destroyed documents. To the contrary, now that the index that caused the collection issue has been rebuilt and validated, Plaintiffs will receive the balance of the emails called for by the parties' agreed search protocol. In addition, we proactively disclosed these issues to Plaintiffs and the Court and fully appreciate the importance of supplementing our production as quickly as possible. We have been working to complete our supplemental productions before the end of May as planned. (*See* Dkt. 222 at 2 & n.2.) To date, we have already made one supplemental production, consisting of more than 100,000 pages, and we expect to make a substantial additional production to Plaintiffs later this week.

**2.      Additional Discovery Regarding NAM's Document Collection.** Plaintiffs' demand for additional discovery regarding Defendants' document production, and their stated intention to seek "appropriate relief from the Court," is premature and, we believe, unwarranted. Defendants respectfully submit that there is no need for additional discovery requests, or other requests for relief regarding these issues—at least until we have completed our supplemental productions and Plaintiffs have had an opportunity to review the additional emails that will be produced.

First, while Plaintiffs assume that they will need to reopen certain depositions and to supplement their expert reports, at this time there is no reason to presume that Defendants' supplemental productions will contain documents materially different from those Plaintiffs already have reviewed. Out of the more than 100,000

---

[1]   This email chain was produced to Plaintiffs on December 5, 2014. (*See* NAM-CPG-017396131 – NAM-CPG-017396151.)

The Honorable William H. Pauley III                                                                                              3

pages of supplemental emails they have already received, Plaintiffs have not identified a single document that would require reopening any fact deposition. With respect to expert reports, Plaintiffs' antitrust liability and damages expert (Dr. MacKie-Mason) relied primarily on Defendants' production of contracts and econometric data, the collection of which was unaffected by the faulty index. Plaintiffs' marketing expert (Dr. Farris) chose not to update his August 11, 2014 class certification report at the merits stage, despite Defendants' production of approximately 916,000 additional documents (and Plaintiffs' production of approximately 225,000 additional documents) during the intervening five months.

Moreover, Plaintiffs' suggestion that they have been prejudiced by briefing class certification, serving expert reports, or taking depositions prior to the completion of Defendants' document production is belied by the scheduling order established by the Court and agreed to by Plaintiffs in September 2014. That schedule set the deadline for completing fact discovery (including document productions) *after* the deadlines for briefing class certification and exchanging expert disclosures. Both sides took several depositions and served expert reports prior to the completion of document discovery. The fact that more documents remain to be produced than Defendants previously expected therefore does not in itself lead to the conclusion that Plaintiffs have been prejudiced. We submit that it makes sense to evaluate the need for additional discovery when the supplemental productions are complete.

*     *     *

We stand ready to discuss these or any other issues at the Court's convenience.

Respectfully submitted,

/s/  Kenneth A. Gallo

Kenneth A. Gallo

cc:    Counsel of Record (by ECF)