USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/19/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                    :

DIAL CORPORATION, *et al.*,
                                                    :    13cv6802

                 Plaintiffs,
                                                    :    MEMORANDUM & ORDER

      -against-
                                                      :

NEWS CORPORATION, *et al.*,
                                                      :

                 Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WILLIAM H. PAULEY III, District Judge:

        Non-parties Harland Clarke Holdings Corp. and MacAndrews & Forbes Inc. (together, "Harland Clarke") move to quash document subpoenas (the "Subpoenas") served by defendants News Corp., News America, Inc., News America Marketing FSI L.L.C., and News America Marketing In-Store Services L.L.C. (collectively, "News Corp."). For the following reasons, Harland Clarke's motion to quash the Subpoenas is granted in part and denied in part.

BACKGROUND

        This action revolves around alleged anticompetitive activity in the markets for in-store promotions ("ISP") and free-standing insert coupons ("FSI") at groceries, drug stores and other mass retailers throughout the United States. In November 2013, News Corp. subpoenaed Valassis Communications, Inc. ("Valassis"), another non-party, which Plaintiffs acknowledge is News Corp.'s competitor in the relevant markets. That subpoena sought production of a broad range of documents. (Palizzi Decl. (ECF 201) Ex. A.) After extensive negotiations, News Corp. agreed that Valassis could limit its production to documents related to ISP and FSI. (Palizzi Decl. ¶ 15.) In October 2014, Valissis completed production of nearly 1.3 million

responsive documents, totaling more than 14 million pages. (Palizzi Decl. (ECF 201) ¶¶ 16-18.) Shortly after that production, News Corp. subpoenaed Harland Clarke seeking, <u>inter alia</u>, documents concerning Harland Clarke's February 2014 acquisition of Valassis. (Thomas Decl. (ECF 200) Ex. 1.) Harland Clarke Holdings Corp. is a wholly-owned subsidiary of MacAndrews & Forbes Inc. The Subpoenas include sixteen requests and cover a broad range of documents.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 requires courts to quash or modify unduly burdensome subpoenas. Fed. R. Civ. Proc. 45(d)(3)(A)(iv). Rule 45 also permits courts to quash or modify subpoenas that would otherwise "require[] disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i). Although the subpoenaing party must demonstrate that the documents sought are "relevant and material to the allegations and claims at issue in the proceedings[,] . . . the party seeking to quash the subpoena bears the burden of demonstrating that the subpoena is overbroad, duplicative, or unduly burdensome." <u>Schoolcraft v. City of New York</u>, No. 10 CIV. 6005 (RWS), 2012 WL 2161596, at *2 (S.D.N.Y. June 14, 2012); <u>see also</u> <u>Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.</u>, No. 13 CIV. 1654 (RA)(HBP), 2014 WL 5420225, at *6 (S.D.N.Y. Oct. 24, 2014) ("Once the party seeking production of the materials meets its burden of showing relevance sufficient to justify discovery, the burden shifts to the movant to show why discovery should not be had.") (internal quotation marks, brackets, and citations omitted). "Whether a subpoena imposes . . . an undue burden depends upon such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." <u>Concord Boat Corp. v. Brunswick Corp.</u>,

169 F.R.D. 44, 48 (S.D.N.Y. 1996) (citation and internal quotation marks omitted). The determination of issues of burden and reasonableness upon motions to quash subpoenas is "entrusted to the sound discretion of the district court." In re Fitch, Inc., 330 F.3d 104, 108 (2d Cir. 2003) (quoting United States v. Sanders, 211 F.3d 711, 720 (2d Cir. 2000)).

## DISCUSSION

In its brief, News Corp. now limits its request to three categories of documents: (1) "[t]he due diligence files in the Subpoenaed Parties' possession related to their acquisition of Valassis"; (2) "[e]valuations, examinations, valuations, and presentations—whether conducted or commissioned by the Subpoenaed Parties—concerning Valassis, its competitors, the markets in which it operates, and its potential for profitability within those markets" (hereinafter, "Valuation Documents"); and (3) "[t]he Subpoenaed Parties' communications concerning their evaluation and potential acquisition of Valassis."

Harland Clarke has agreed to produce due diligence files. Therefore, the second and third categories—Valuation Documents and communications concerning the potential acquisition of Valassis—remain in dispute. Harland Clarke objects to the extent the requested documents are not related to the ISP and FSI markets. Harland Clarke also asserts that its analyses and or valuations are highly confidential and largely irrelevant or duplicative of documents Valassis produced. Third, Harland Clarke argues that News Corp.'s request for all communications related to the Valassis acquisition is overbroad, and that compliance would be

unduly burdensome.[1] Finally, Harland Clarke alleges that News Corp. is attempting to circumvent discovery rulings in separate, ongoing litigation with Valassis. News Corp. counters that Harland Clarke's analyses of Valassis are highly probative, that limiting document production to the ISP and FSI markets would exclude relevant discovery, and that the Protective Order in this action (ECF 82, 87, 155) prohibits improper use of discovery.

Because Plaintiffs acknowledge that Valassis is News Corp.'s only viable competitor in the ISP and FSI markets, documents evaluating Valassis could foreseeably be used by News Corp. in connection with defenses asserted in this case. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (In discovery, "relevance" is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."). Nevertheless, the three categories of documents News Corp. seeks are overbroad and would include irrelevant, or marginally relevant documents. In essence, News Corp. seeks all Valuation Documents and communications related to a $1.8 billion acquisition of a competitor, regardless of whether those documents directly concern the ISP and FSI markets at issue in this antitrust action.[2] These requests are unreasonable in view of Valassis's earlier production of 1.3 million documents.

Moreover, News Corp. fails to demonstrate a need for all of the Harland Clarke documents it seeks. When News Corp. subpoenaed Valassis in November 2013, it was unaware

---

[1] MacAndrews & Forbes Inc. emphasizes this point, arguing that its burden is particularly acute because it is only an indirect parent of Valassis. But simultaneously, MacAndrews & Forbes Inc. declares that it "has no documents provided by Valassis as part of the due diligence for the Valassis acquisition that are not duplicative of those in Harland[']s . . . files" and "that MacAndrews[] did not perform or commission any independent analyses of the FSI or ISP markets." (Richman Decl. (ECF 206) ¶¶ 3-4.) To the extent MacAndrews & Forbes Inc. possesses unique documents, it will be required to produce them in accord with this Memorandum and Order.

that Harland Clarke would acquire Valassis. Presumably, then, News Corp.'s November 2013 subpoena—which News Corp. and Valassis eventually agreed would only cover ISP and FSI—sought all Valassis documents that NAM believed it would need in this case. Harland Clarke's acquisition of Valassis does not entitle News Corp. to a trove of documents analyzing every aspect of a competitor's business. C.f. In re eBay Seller Antitrust Litig., No. C09-735(RAJ), 2009 WL 5205961, at *3 (W.D. Wash. Dec. 23, 2009) ("Requiring Amazon to turn over the fruits of its own inquiries . . . is to conscript Amazon to work for eBay. EBay does not have a substantial need to force Amazon to turn over market analyses that eBay could conduct on its own."). This is especially true here because Harland Clarke's acquisition of Valassis occurred during the meet and confer process between News Corp. and Valassis. Accordingly, Harland Clarke's motion to quash is granted to the extent the Subpoenas seek documents that do not specifically address ISP or FSI.

However, Valuation Documents and communications that relate specifically to ISP or FSI could be relevant. And while this Court is sympathetic to Harland Clarke's concerns that such documents could be entitled to protection under Fed. R. Civ. Proc. 45(d)(3)(B)(i), or that the documents could be used in other litigation, this Court finds that the Protective Order is sufficient. See In re Currency Conversion Fee Antitrust Litig., No. M 21-95, 2004 WL 848171, at *1 (S.D.N.Y. Apr. 21, 2004) ("[Non-party's] concern that production of the subpoenaed documents would compromise its trade secrets and other confidential information is obviated by the presence of the confidentiality agreement and protective order in this action."); Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P., No. 13 CIV. 1654 (RA)(HBP), 2014 WL 5420225, at *8

---

[2] For example, News Corp. proposed that Movants produce all emails containing the phrases "Valassis" or "V". (Thomas Decl. (ECF 200) Ex. 10 at 2.) In this context, such search terms would be patently overbroad.

(S.D.N.Y. Oct. 24, 2014) (similar); see also U.S. Commodity Futures Trading Comm'n v. Parnon Energy Inc., No. 11 CIV. 3543 WHP, 2013 WL 5882921, at *3 (S.D.N.Y. Oct. 25, 2013) aff'd, 593 F. App'x 32 (2d Cir. 2014) ("[T]he non-party objectors fail to articulate a 'defined, specific and serious injury' that warrants excluding their business information from limited review as contemplated by the protective orders, strictly for litigation purposes."). While producing communications (even if limited to those referencing ISP or FSI) would not be an insignificant burden, Harland Clarke is a sophisticated entity equipped to undertake such a production for a limited number of relevant custodians. See In re Currency Conversion Fee Antitrust Litig., 2004 WL 848171, at *1.

## CONCLUSION

Harland Clarke Holdings Corp. and MacAndrews & Forbes Inc.'s motion to quash is granted in part and denied in part. Those portions of News Corp., News America, Inc., News America Marketing FSI L.L.C., and News America Marketing In-Store Services L.L.C.'s subpoenas seeking documents that do not address in-store promotions or free-standing insert coupons are quashed.

The Clerk of Court is directed to terminate the motion pending at ECF No. 198.

Dated: May 19, 2015
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J

*Copies to*:
All Counsel of Record