SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
SUITE 3800
1201 THIRD AVENUE
SEATTLE, WASHINGTON 98101-3000
(206) 516-3880
FAX (206) 516-3883
WWW.SUSMANGODFREY.COM
_____

| SUITE 5100 | SUITE 5100 | SUITE 950 | 15TH FLOOR |
| 1000 LOUISIANA STREET | 901 MAIN STREET | 1901 AVENUE OF THE STARS | 560 LEXINGTON AVENUE |
| HOUSTON, TEXAS 77002-5096 | DALLAS, TEXAS 75202-3775 | LOS ANGELES, CALIFORNIA 90067-6029 | NEW YORK, NEW YORK 10022-6828 |
| (713) 651-9366 | (214) 754-1900 | (310) 789-3100 | (212) 336-8330 |

Lindsey Godfrey Eccles
Direct Dial (206) 516-3832

E-Mail leccles@susmangodfrey.com

August 5, 2015

**VIA ECF**

The Honorable William H. Pauley III
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Dial Corporation, et al. v. News Corporation, et al.*, Case No. 13-cv-06802 (WHP)

Dear Judge Pauley:

Plaintiffs Dial Corporation, *et al*., submit this letter pursuant to this Court's Individual Practices III.A. requesting a pre-motion conference regarding Plaintiff's request that deposition and trial testimony given in Prior Lawsuits against News[1] ("Prior Testimony") may be treated as if the testimony had been given in this matter.  Plaintiffs have named in Exhibit A to this letter the individuals whose Prior Testimony is at issue.[2]

Federal Rule of Civil Procedure 32(a) permits a deposition given in a prior action to "be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action," where the party against whom the deposition is used "was present or represented at the taking of the deposition or had reasonable notice of it."  *See* Fed. R. Civ. P. 32(a)(1)(A), 32(a)(8).

---

[1] The Prior Lawsuits shall include:  *FloorGraphics v. News America Marketing In-Store Services, Inc.*, No. 04-cv-3500 (D.N.J.); *Insignia Systems, Inc. v. News America Marketing In-Store, Inc.*, No. 04-cv-4213 (D. Minn.); *Valassis Comm'cns, Inc. v. News America, Inc*., 2:06-cv-10240 (E.D. Mich.) and No. 07-706645 (Wayne Ct. Cir. Ct., Mich.).
[2] Plaintiffs reserve the right to supplement the list of individuals in Exhibit A.

News will likely take the position that the rule requires that the later action be "between the *same parties*." *Id.* But New York courts have explicitly rejected this strict interpretation and adopted a more "liberal" rule. In the Southern District of New York, both depositions and trial testimony are admissible where "the depositions and testimony at the prior … action are relevant and material and … the issues in the plaintiff's cause of action against the defendant are substantially the same, and … the defendant had an adequate opportunity to and did cross-examine the witnesses in the [prior] action with the same motive and interest." *Hertz v. Graham*, 23 F.R.D. 17, 22-23 (S.D.N.Y. 1958) (ordering that the plaintiff would be allowed to offer into evidence depositions taken in prior litigation involving different plaintiffs). *See also Rivera v. Am. Exp. Lines,* 13 F.R.D. 27, 28 (S.D.N.Y. 1952) (allowing depositions taken by a defendant vessel prior to the commencement of another action against another vessel with which it collided to be offered into evidence by a plaintiff seaman because "same set of facts and circumstances operated to bring about the collision, which resulted in damage to the vessels and the injuries to the plaintiff"); *S.W. v. City of New York*, No. 09-CV-1777, 2012 WL 1100906, at *2-3 (E.D.N.Y. Apr. 2, 2012) (affirming order of magistrate judge permitting use of prior deposition testimony because "the City's motive in deposing witnesses would have been the same in both: to cross-examine the state witnesses and develop a record with its own witnesses demonstrating that its foster care system was not plagued by the problems alleged"). The rule is the same for trial testimony as for depositions. *Hertz*, 23 F.R.D. at 25 ("Trial testimony, subject to all the safeguards of the courtroom, and conducted with all the formal procedures, if anything, is an even more reliable means of getting at the truth.").

The Prior Testimony satisfies the requirements of Rule 32(a) and the *Hertz* decision. Use of prior deposition and trial testimony in this action will help expedite trial, and minimize the expenditure of financial resources on both sides. Resolution of this issue is necessary at this juncture to permit the parties to determine if additional deposition discovery is necessary in this action.

The parties met and conferred on this issue during discovery, which process resulted in entry of the Stipulation and Proposed Order Re: Prior Testimony at Dkt. No. 229. Pursuant to that Stipulation, "in the event that this Court should find in some future ruling that Rule 32(a)(8) is inapplicable and that Plaintiffs therefore may not use the Prior Testimony in this action, Defendants will not object on timeliness grounds to Plaintiffs seeking, in advance of trial, to take depositions of any witnesses who gave Prior Testimony. By this Stipulation Plaintiffs do not in any way concede that Rule 32(a)(8) is inapplicable." By this letter, Plaintiffs ask the Court to consider their request for a ruling that Rule 32(a)(8) does apply to the Prior Testimony.

August 5, 2015
Page 3


To be clear, by this motion Plaintiffs merely intend to establish that the Prior Testimony may be treated as if it had been taken in this matter. Any other issues related to the use or admissibility of such testimony may be resolved in due course.

Sincerely,

*/s/ Lindsey Godfrey Eccles*
Lindsey Godfrey Eccles

cc:  Counsel of Record (via electronic mail)

August 5, 2015
Page 4

# EXHIBIT A

**Deposition Testimony:**

| Witness | Matter | Date |
|---|---|---|
| Dudley Carpenter | *FloorGraphics v. News America Marketing In-Store Services, Inc.*, No. 04-cv-3500 (D.N.J.) | Jan. 10, 2007 |
| Candace A. Hamilton | *FloorGraphics v. News America Marketing In-Store Services, Inc.*, No. 04-cv-3500 (D.N.J.) | Nov. 3, 2006 |
| George Leonard Rebh | *FloorGraphics v. News America Marketing In-Store Services, Inc.*, No. 04-cv-3500 (D.N.J.) | All |
| Elaine Mozzetti | *Valassis Comm'cns, Inc. v. News America, Inc.*, 2:06-cv-10240 (E.D. Mich.) and No. 07-706645 (Wayne Ct. Cir. Ct., Mich.). | Aug. 2, 2007 |
| Debra Lucidi | *Valassis Comm'cns, Inc. v. News America, Inc.*, 2:06-cv-10240 (E.D. Mich.) and No. 07-706645 (Wayne Ct. Cir. Ct., Mich.). | Oct. 30, 2008 |
| Pamela Menks Wesson | *Insignia Systems, Inc. v. News America Marketing In-Store, Inc.*, No. 04-cv-4213 (D. Minn.) | Nov. 24, 2009 |
| John Thompson | *Valassis Comm'cns, Inc. v. News America, Inc.*, 2:06-cv-10240 (E.D. Mich.) and No. 07-706645 (Wayne Ct. Cir. Ct., Mich.). | Nov. 10, 2008 |
| Thomas Wilkolak | *Insignia Systems Inc. v. News America Marketing In-Store, Inc. and Albertsons Inc.*, No. 04-cv-4213 (D. Minn.); *News America Marketing In-Store, Inc. v. Insignia Systems, Inc.*, No. 03-cv-8555 (S.D.N.Y.) | July 2, 2008; July 15, 2004; Oct. 1, 2008 |
| Victor Tororici | *Insignia Systems Inc. v. News America Marketing In-Store, Inc. and Albertsons Inc.*, No. 04-cv-4213 (D. Minn.); *News America Marketing In-Store, Inc. v. Insignia Systems, Inc.*, No. 03-cv-8555 (S.D.N.Y.) | Aug. 20, 2002; June 25, 2008 |
| Jennifer Propsom | *Insignia Systems Inc. v. News America Marketing In-Store, Inc. and Albertsons Inc.*, No. 04-cv-4213 (D. Minn.); *News America Marketing In-Store, Inc. v. Insignia Systems, Inc.*, No. 03-cv-8555 (S.D.N.Y.) | June 7, 2002; Sept. 10, 2010 |
| Scott Drill | *Insignia Systems Inc. v. News America Marketing In-Store, Inc. and Albertsons Inc.*, No. 04-cv-4213 (D. Minn.); *News America* | July 15, 2004; Aug. 7, |

August 5, 2015
Page 5

| | | |
|---|---|---|
| | *Marketing In-Store, Inc. v. Insignia Systems, Inc.*, No. 03-cv-8555 (S.D.N.Y.) | 2008; Aug. 8, 2008 |
| Alexander Garofalo | *Insignia Systems Inc. v. News America Marketing In-Store, Inc. and Albertsons Inc.*, No. 04-cv-4213 (D. Minn.) | Aug. 5, 2008 |
| Robert Recchia | *Valassis Comm'cns, Inc. v. News America, Inc.*, 2:06-cv-10240 (E.D. Mich.) | Nov. 12, 2008 |
| Karl Ball | *Insignia Systems, Inc v. News America Marketing In-Store, Inc. and Albertson's Inc.*, No. 04-4213 (D. Minn.) | Dec. 11, 2009 |
| Robert Emmel | *Valassis Communications, Inc. v. News America Marketing Inc.*, No. 07-706645-CZ (Mich. Cir. Ct. Wayne County); *Insignia Systems Inc. v. News America Marketing In-Store, Inc. and Albertsons Inc.*, No. 04-cv-4213 (D. Minn.) | March 9, 2009[3]; Jan. 15-16, 2008 |

**Trial Testimony:**

| Witness | Matter |
|---|---|
| George Leonard Rebh | *FloorGraphics v. News America Marketing In-Store Services, Inc.*, No. 04-cv-3500 (D.N.J.); *Valassis Communications, Inc. v. News America Marketing Inc.*, No. 07-706645-CZ (Mich. Cir. Ct. Wayne County). |
| Robert Emmel | *FloorGraphics v. News America Marketing In-Store Services, Inc.*, No. 04-cv-3500 (D.N.J.) |
| Gary Henderson | *FloorGraphics v. News America Marketing In-Store Services, Inc.*, No. 04-cv-3500 (D.N.J.) |
| Robert Recchia | *Valassis Communications, Inc. v. News America Marketing Inc.*, No. 07-706645-CZ (Mich. Cir. Ct. Wayne County) |
| Christine Andrews Hall | *Valassis Communications, Inc. v. News America Marketing Inc.*, No. 07-706645-CZ (Mich. Cir. Ct. Wayne County) |
| Alan Schultz | *Valassis Communications, Inc. v. News America Marketing Inc.*, No. 07-706645-CZ (Mich. Cir. Ct. Wayne County) |
| Debra Lucidi | *Valassis Communications, Inc. v. News America Marketing Inc.*, No. 07-706645-CZ (Mich. Cir. Ct. Wayne County) |

---

[3] Referenced in *Valassis Communications, Inc. v. News America Marketing Inc.,* No. 07-706645-CZ (Mich. Cir. Ct. Wayne County), Trial Tr. P. 59, 6/18/09.