UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE DIAL CORPORATION,<br>HENKEL CONSUMER GOODS INC.,<br>H. J. HEINZ COMPANY,<br>H. J. HEINZ COMPANY, L.P.,<br>FOSTER POULTRY FARMS,<br>SMITHFIELD FOODS, INC.<br>HP HOOD LLC,<br>BEF FOODS, INC., and<br>SPECTRUM BRANDS, INC.,<br>Individually and On Behalf of<br>Similarly Situated Companies,<br><br>                Plaintiffs,<br><br>                 v.<br><br>NEWS CORPORATION,<br>NEWS AMERICA INC.,<br>NEWS AMERICA MARKETING FSI L.L.C.,<br>and NEWS AMERICA MARKETING IN-<br>STORE SERVICES L.L.C.,<br><br>                Defendants. | Civil Action No. 13-CV-06802-WHP<br><br>ECF Case |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION TO REDACT A PORTION OF THE DECEMBER 3, 2015 TRANSCRIPT**

                PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
                1285 Avenue of the Americas
                New York, NY  10019-6064
                Tel: (212) 373-3000
                Fax: (212) 757-3990

                2001 K Street, N.W.
                Washington, DC  20006-1047
                Tel: (202) 223-7300
                Fax: (202) 223-7420

                *Counsel for Defendants*

Pursuant to Paragraph 36 of the Stipulation and Protective Order entered on November 19, 2013 (Doc. 82), as amended by the Stipulation and Supplemental Protective Order entered on January 27, 2014 (Doc. 87) and the Second Supplemental Protective Order entered on October 7, 2014 (Doc. 155) (collectively, the "Protective Order"), Defendants News America Marketing In-Store Services L.L.C. ("NAM"), News Corporation, News America Inc., and News America Marketing FSI L.L.C., respectfully request that the Court enter an order directing that the transcript of the teleconference held before this Court on December 3, 2015 (the "December 3 Transcript") be publicly filed with the limited redaction proposed by NAM in the document annexed as Exhibit 2 to the Declaration of Geoffrey R. Chepiga, dated January 8, 2016 (the "Chepiga Declaration").

## ARGUMENT

District courts have discretion to seal records under their "inherent 'equitable powers . . . over their own process to prevent abuses, oppressions and injustices.'" *Int'l Prods. Corp.* v. *Koons*, 325 F.2d 403, 407–08 (2d Cir. 1963) (quoting *Gumbel* v. *Pitkin*, 124 U.S. 131, 144 (1888)); *see also Nixon* v. *Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) ("[e]very court has supervisory power over its own records and files"). It is appropriate for a court to grant motions to redact transcripts of court proceedings where "the information at issue is of comparatively little value to the general public in terms of enhancing its 'understanding [of] the judicial process.'" *Richardson* v. *Mylan Inc.*, No. 09-cv-1041-JM(WVG), 2011 WL 837148, at *2 (S.D. Cal. Mar. 9, 2011). This is particularly true where the portions to be redacted represent a relatively limited portion of the overall proceeding. *See id.* Here NAM seeks to redact a single word.

A portion of the December 3 Transcript refers to a confidential settlement between NAM and a current customer, information which would result in significant injury to NAM if publicly filed.  As set forth in the Declaration of Christopher Blanco, dated September 30, 2015 and annexed Exhibit 1 to the Chepiga Declaration, the public filing of this information would result in significant injury to NAM.

Defendants respectfully submit that the Court should direct that the December 3 Transcript be filed with the limited redaction proposed in Exhibit 2 to prevent the disclosure of confidential, competitively sensitive information.  *See Aioi Nissay Dowa Ins. Co. Ltd.* v. *Prosight Specialty Mgmt. Co., Inc.*, 11 Civ. 1330 (JPO) (S.D.N.Y. May 3, 2013) (Dkt. No. 163) (granting motion to redact select portions of transcript based on declaration explaining that publication of information at issue would harm defendant's competitive standing); *Princeton Digital Image Corp.* v. *Hewlett-Packard, et al.*, No. 12 Civ. 779 (RJS) (S.D.N.Y. June 20, 2012) (Dkt. No. 262) (granting request to file portions of transcript under seal where information at issue would harm its competitive standing).

## CONCLUSION

Defendants respectfully request that the Court grant Defendants' Motion to Redact a Portion of the December 3, 2015 Transcript.

Dated:  January 8, 2016

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP

By: /s/ Geoffrey R. Chepiga
William B. Michael (wmichael@paulweiss.com)
Geoffrey R. Chepiga (gchepiga@paulweiss.com)
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

Kenneth A. Gallo (kgallo@paulweiss.com)
Jane B. O'Brien (jobrien@paulweiss.com)
2001 K Street, NW
Washington, D.C.  20006-1047
(202) 223-7300

*Counsel for Defendants*