| | |
|---|---|
| **SUSMAN GODFREY, L.L.P.** | **KELLOGG, HUBER, HANSEN, TODD,** |
| 1000 Louisiana | **EVANS & FIGEL, P.L.L.C.** |
| Suite 5100 | 1615 M Street, N.W. |
| Houston, TX 77002 | Suite 400 |
| (713) 651-9366 | Washington, D.C. 20036 |
| | (202) 326-7900 |

January 13, 2016

**VIA ECF AND HAND DELIVERY**

The Honorable William H. Pauley III
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:   *The Dial Corporation, et al. v. News Corporation, et al.*, Case No. 13-cv-6802 (WHP) (S.D.N.Y.)

Dear Judge Pauley:

We write on behalf of Class Plaintiffs in response to News's January 6, 2016 letter, which seeks a pre-motion conference regarding the use of a juror questionnaire. The Class agrees with News that the Court should approve the use of a juror questionnaire. The Class opposes the inclusion of seven News-proposed questions that ask, among other things, about juror's political beliefs and views of competition among in-store promotions providers.

The Class respectfully submits that the Court can decide these issues without a pre-motion conference: Thirty of 38 questions in the proposed questionnaire are agreed. As to the remainder, "it has long been the rule that 'judges have been accorded ample discretion in determining how best to conduct the *voir dire*.'" *United States v. Quinones*, 511 F.3d 289, 299 (2d Cir. 2007) (*quoting Rosales–Lopez v. United States*, 451 U.S. 182, 189 (1982)).

**Seven of News's Proposed Questions Are Improper**

The Class requests that the Court use the proposed questionnaire but omit questions 14, 15, 16, 24, 25, 26 and 29.

*Favorable or Unfavorable Views of Rupert Murdoch and Fox News.* News's Questions 14, 15 and 16 ask venire members whether they know, and have a favorable, unfavorable or neutral view of, Rupert Murdoch, News Corp., News America Marketing and Fox News. The two News entities, News Corp. and News America Marketing, are defendants. Thus asking which panel members know anything about them duplicates unobjectionable question 11.

Mr. Murdoch and Fox News, on the other hand, are not defendants and jurors are likely to have heard of them. But "[p]rominence does not necessarily produce prejudice, and

The Honorable William H. Pauley III
January 13, 2016 - Page 2

juror *impartiality,* we have reiterated, does not require *ignorance.*" *Skilling v. United States*, 561 U.S. 358, 381 (2010) (emphasis in original). Neither Murdoch nor any Fox employee will be trial witnesses. News's questions do not seek to uncover bias against News America Marketing, but to identify potentially sympathetic jurors and to paint, unfairly, those with unfavorable views of Fox News as biased. The Court is fully capable of following up with witnesses that have heard of News Corp. or News America Marketing to examine potential bias (and the questionnaire already asks about their news sources, *see* Question 28) without having every panel member commit to a favorable, unfavorable, or neutral view of Murdoch or Fox News. *See United States v. Rahman*, 189 F.3d 88, 121 (2d Cir. 1999) (voir dire sufficient when trial court "cover[s] the subject[s] that may arise in the case to ensure that jurors will be impartial.").

*Competition in the In-Store Industry.* News's Question 24 asks jurors to commit to one of four positions on "how competitive the in-store retail advertising business" is. But it is unlikely that any potential juror has an opinion on in-store advertising at all, let alone whether it is vigorously competitive or not. After all, the "consumers" in this product market are plaintiff consumer packaged goods manufacturers, not individual jurors. By encouraging panel members to form opinions that they do not already have, this question seeks to inject bias, not ferret it out. Additionally, the question as worded risks confusing jurors. The empaneled jury will hear extensive expert testimony about the third-party in-store promotions *market*, not the "in-store retail advertising business."

*Whether Firms that "Dominate" Business Are Good or Unethical and the Ubiquity of "Corporate Conspiracies."* Like Question 24, News's questions 25 and 26 ask potential jurors to pick sides from a series of (likely focus group-selected) options. Question 25 asks jurors to assign one of two reasons for a dominant company's success: either the company is "good and innovative" or it "used unethical business practices to exclude its competitors." Question 26 asks jurors whether it is "common" or "uncommon" "for corporate conspiracies to use illegal means to eliminate competitors."

Thus the questions potentially ask potential jurors to form new opinions, and regardless of the answer, neither question would reveal bias for or against the parties in this case. The questions are also confusing: whether a company is "good and innovative" reveals nothing about whether it is also an illegal monopolist (some of the most respected and innovative companies violate antitrust laws). Question 26's reference to "corporate conspiracies" makes little sense because the Class does not allege any conspiracy against defendants.

*Jurors' Political Leanings.* In Question 29, News forces venire members to identify with one of five ideological labels, from very liberal to very conservative. News's only purported justification for this intrusive question is News's unfounded charge that the Class has an "apparent intention to play to the perceived politics" of Murdoch and Fox News. News cites no record examples of this because none exists. A panel member's

The Honorable William H. Pauley III
January 13, 2016 - Page 3

political affinity has nothing to do with bias against these defendants, and nothing to do with this case.

### The Class's Proposed Question 18 is Useful and Proper

News objects to the inclusion of question 18. That question asks for "any opinions about civil lawsuits seeking large money damages" in cases where businesses are harmed. The question in no way suggests that *de minimis* harm justifies substantial monetary damages. Rather, whether damages are awarded at all will be answered by the jury after extensive jury instructions and direction to follow the law. Proposed question 18 seeks to elicit whether a potential juror has a predisposition against following the law as instructed.

The Class respectfully requests that it approve a jury questionnaire containing the agreed-on questions, plus question 18 proposed by the Class, and reject questions 14, 15, 16, 24, 25, 26 and 29.

Respectfully submitted,

James T. Southwick
Susman Godfrey L.L.P.

Steven F. Benz
Kellogg, Huber, Hansen, Todd,
Evans & Figel, P.L.L.C.

Co-Lead Counsel

cc:   Counsel of Record (by ECF)