**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE DIAL CORPORATION,<br>HENKEL CONSUMER GOODS INC.<br>KRAFT HEINZ FOODS COMPANY,<br>H.J. HEINZ COMPANY LP,<br>FOSTER POULTRY FARMS,<br>SMITHFIELD FOODS, INC.,<br>HP HOOD LLC, and<br>BEF FOODS, INC.<br><br>Individually and On Behalf of<br>Similarly Situated Companies,<br><br>Plaintiffs,<br><br>v.<br><br>NEWS CORPORATION,<br>NEWS AMERICA INC.,<br>NEWS AMERICA MARKETING FSI L.L.C.,<br>NEWS AMERICA MARKETING IN-STORE<br>SERVICES L.L.C.,<br><br>Defendants. | Case No. 13 Civ. 06802 (WHP)<br><br>**PROPOSED JOINT**<br>**PRETRIAL ORDER** |

Pursuant to the Individual Practices of Judge William H. Pauley, the parties respectfully submit this Joint Pretrial Order.

I. **CASE CAPTION**

The full caption of this matter is set forth above.

II. **TRIAL COUNSEL**

**Counsel for Plaintiffs:**

Daniel B. Goldman (dgoldman@kramerlevin.com)
Dani R. James (djames@kramerlevin.com)
Steven S. Sparling (ssparling@kramerlevin.com)

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9162 |
Fax: (212) 715-8162

Lewis T. LeClair (lleclair@mckoolsmith.com)
John C. Briody (jbriody@mckoolsmith.com)
McKool Smith, P.C.
One Bryant Park, 47th Floor
New York, NY 10036
Telephone: (212) 402-9400
Fax: (212) 402-9444

Steven F. Benz (sbenz@khhte.com)
Kellogg, Huber, Hansen, Todd, Evan & Figel, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Fax: (202) 326-7999

James T. Southwick (jsouthwick@susmangodfrey.com)
Richard W. Hess (rhess@susmangodfrey.com)
Susman Godfrey LLP
1000 Louisiana
Houston, TX 77002
Telephone: (713) 653-7811
Fax: (713) 654-6666

R. Stephen Berry (sberry@berrylawpllc.com)
Berry Law PLLC
1717 Pennsylvania Ave. NW, Suite 450
Washington, DC 20006
Telephone: (202) 296-3020
Fax: (202) 296-3038

**Counsel for Defendants:**

Paul, Weiss, Rifkind, Wharton & Garrison LLP
Kenneth A. Gallo (kgallo@paulweiss.com)
Jane B. O'Brien (jobrien@paulweiss.com)
Justin Anderson (janderson@paulweiss.com)
Mitchell D. Webber (mwebber@paulweiss.com)
2001 K Street, NW
Washington, DC 20006-1047
Phone: (202) 223-7300

Fax: (202) 223-7420

William B. Michael (wmichael@paulweiss.com)
Geoffrey R. Chepiga (gchepiga@paulweiss.com)
Jeffrey J. Recher (jrecher@paulweiss.com)
1285 Avenue of the Americas
New York, NY 10019-6064
Phone: (212) 373-3000
Fax: (212) 757-3990

## III.   SUBJECT MATTER JURISDICTION

Plaintiffs contend that this Court has subject-matter jurisdiction under 28 U.S.C. §§ 1337 (commerce and antitrust regulation) and 1331 (federal question), as this action arises under Sections One and Two of the Sherman Act, 15 U.S.C. §§ 1, 2, Section Three of the Clayton Act, 15 U.S.C. § 14, and Sections Four and Sixteen of the Clayton Act, 15 U.S.C. §§ 15(a) and 26. This Court has supplemental jurisdiction over state-law claims pursuant to 28 U.S.C. § 1367.

Defendants do not contest that this Court has subject matter jurisdiction.

## IV.   CLAIMS AND DEFENSES

**Plaintiffs' Summary of Claims and Defenses to be Tried:**

Plaintiffs state claims under Sections One and Two of the Sherman Act, 15 U.S.C. §§ 1, 2, Section Three of the Clayton Act, 15 U.S.C. § 14, Sections Two and Three of the Michigan Antitrust Reform Act, Mich. Comp. Laws Ann. §§ 445.772 and 445.773 and N.Y. Gen. Bus. Law § 340(1). Plaintiffs claim Defendants unlawfully obtained and maintained a monopoly over the market for third-party in-store promotions that are placed in retail stores such as supermarkets. Plaintiffs allege that Defendants accomplished this by engaging in a wide array of anticompetitive conduct, including hacking into a competitor's computer system and obtaining competitively sensitive customer lists, making false statements about competitors to potential CPG customers, acquiring control over competing businesses, and entering into long-term,

exclusive, staggered, cash-guaranteed contracts with retailers that prohibit the placement of third party in-store promotions by potential competitors. Plaintiffs further allege that Defendants' retailer agreements unlawfully restrain trade and result in high barriers to competitive entry and expansion, which protect Defendants' monopoly. Plaintiffs claim that Defendants have injured competition and its suppression of competition has allowed it to charge Plaintiffs unlawful monopoly pricing throughout the damage period, beginning April 5, 2008 through today.

**Defendants' Summary of Claims and Defenses to be Tried:**

Defendants deny all of Plaintiffs'[1] allegations and claims. Defendants further deny that Plaintiffs are entitled to any award of damages, attorneys' fees, costs, interest, or injunctive relief of any kind. By providing the following summary of claims and defenses to be tried, Defendants do not waive any of their pending or forthcoming motions (including motions *in limine*) and do not concede that there is any triable issue of fact in this action.[2]

1.     Plaintiffs cannot establish the elements of any claim under Sections 1 or 2 of the Sherman Act, 15 U.S.C. §§ 1, 2, or Section 3 of the Clayton Act, 15 U.S.C. § 14. Plaintiffs are not entitled to any damages or other monetary relief under Section 4 of the Clayton Act, 15 U.S.C. § 15, or to any injunctive relief under Section 16 of the Clayton Act, 15 U.S.C. § 26. Plaintiffs also cannot establish the elements of any claim, and are not entitled to any damages or other monetary relief or to any injunctive relief under Sections 2 or 3 of the Michigan Antitrust Reform, Mich. Comp. Laws Ann. § 445.772, 445.773, or under N.Y. Gen. Bus. Law § 340(1).

---

[1]     As used herein, the term "Plaintiffs" refers to any or all of the Named Plaintiffs and class members.

[2]     Plaintiffs bear the burden the proof on all their claims. The inclusion of any contention or defense herein does not concede that Defendants bear the burden of proof as to that issue.

2.      Defendants have acted lawfully at all times, and caused no harm to competition or the competitive process. Any and all of the challenged conduct was lawful, reasonable, justified, procompetitive, and carried out in furtherance of legitimate business interests.

3.      Defendants do not have monopoly power or market power, and have not willfully acquired or maintained monopoly power or market power by anticompetitive conduct, in any properly defined relevant product or geographic market.

4.      The allegedly "long-term, exclusive contracts" entered into between News America Marketing In-Store Services, L.L.C. ("NAM") and retailers were not exclusionary or anticompetitive, did not unlawfully restrain trade, and did not substantially foreclose competition. These contracts were of presumptively lawful duration, and almost every single one expired and came up for bid during the relevant period. The "exclusivity" provisions of those contracts are narrow and procompetitive. All challenged features of these contracts were standard for the industry, employed by third-party in-store providers that compete with NAM, and in no way foreclosed competition. The contract features benefited CPGs and retailers.

5.      NAM's payments to retailers were above-cost, and in no way predatory, exclusionary, or anticompetitive. The payments are procompetitive and standard for the industry. They benefited retailers and CPGs.

6.      The procompetitive benefits of NAM's contracts with retailers and with CPGs outweigh any anticompetitive effects.

7.      The alleged business torts—if they occurred, which Defendants deny—were not anticompetitive or exclusionary conduct, did not harm competition in any time period, and did not harm competition during the relevant time period in this case.

8.     The alleged anticompetitive agreements with competitors were not anticompetitive or exclusionary conduct and did not harm competition.

9.     Plaintiffs have failed to properly define a relevant product or geographic market.[3]

10.     Plaintiffs have suffered no antitrust injury, and therefore cannot recover damages or other monetary relief under Section 4 of the Clayton Act, 15 U.S.C. § 15, and cannot recover injunctive relief under Section 16 of the Clayton Act, 15 U.S.C. § 26.

11.     Plaintiffs lack standing to assert any federal or state antitrust claims.

12.     Plaintiffs cannot prove injury on a classwide basis. Class members purchased different in-store promotions at different times pursuant to different contracts and at different prices, and received discounts (or other benefits) that exceeded—or substantially offset—any alleged overcharge.[4]

13.     The class representatives' claims are not typical of the claims of other class members.

14.     The challenged conduct was not the cause or proximate cause of any injury.

15.     Defendants have not charged supracompetitive prices on in-store promotions during the relevant period.

16.     Plaintiffs have suffered no damages as a result of any of the challenged conduct. Damages, if any, are speculative, uncertain, and cannot be proven.

---

[3]     While it is not Defendants' burden under Sections 1 or 2 of the Sherman Act or Section of the Clayton Act to prove a relevant product or geographic market, Defendants contend that the relevant product market is far broader than Plaintiffs' artificially narrow "market" consisting only of a handful of "pre-checkout," "third-party" promotions placed in the aisles of retail stores. Defendants contend that Plaintiffs' alleged relevant product market is improper because it excludes, among other things, promotions that retailers (i.e., not "third parties") sell directly to CPGs; promotions that CPGS place in stores themselves, such as on-pack coupons; register coupons; free-standing inserts; digital coupons that can be accessed at home or while in the store, and other forms of promotion or marketing.

[4]     Defendants reserve all rights to seek decertification of the class on this or any other basis. *See* Rule 23(c)(1)(C).

6

17.     Plaintiffs' claims are barred, in whole or part, because they failed to take reasonable action to mitigate their alleged injuries and damages suffered as a result of the challenged conduct.

18.     No Plaintiffs other than Dial Corporation and H.J. Heinz Company have any claims for damages related to any purchases of in-store promotions prior to May 2, 2009—four years before the filing of the first class action complaint in this case.  *See* 15 U.S.C. §15(b); Mich. Comp. Laws Ann. § 445.781; N.Y. Gen. Bus. Law § 340.

19.     Plaintiffs' claims are barred in whole or in part by contractual limitations provisions set forth in master agreements and/or letters of commitment with NAM.

20.     Plaintiffs' claims are barred, in whole or in part, under contractual agreements to release claims.[5]

21.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are seeking to recover damages on behalf of entities that are not class members, including entities that entered into mandatory arbitration agreements with NAM.[6]

22.     Plaintiffs' claims are barred, in whole or in part, because they cannot establish that Defendants News Corporation, News America, Inc., and News America Marketing FSI L.L.C. are directly or vicariously liable for any of the challenged conduct.

23.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

---

[5]     Defendants have produced relevant releases to Plaintiffs and asked them to stipulate to the appropriate reduction of damages for CPGs who have released claims. To date, Plaintiffs have not contested the validity of the releases, but have not agreed to stipulate to a reduction of damages.

[6]     Defendants have attempted to reach a stipulation with Plaintiffs excluding damages for those CPGs who entered into mandatory arbitration agreements, and therefore are not members of the certified class. However, to date, Plaintiffs have not agreed to enter into such a stipulation.

24.     Plaintiffs are not entitled to any injunctive relief because they cannot establish a basis for such relief, and because they have an adequate remedy at law.

25.     Plaintiffs are not entitled to any attorneys' fees or costs because they cannot establish a basis for such relief.

26.     Plaintiffs are not entitled to any pre-judgment interest pursuant to 15 U.S.C. § 15(a), nor to any post-judgment interest, because they cannot establish a basis for such relief.

27.     Plaintiffs are entitled to no other relief because they cannot establish a basis for any other relief.

***

Defendants previously asserted counterclaims in their Answer to Plaintiffs' Fourth Amended Complaint and Counterclaims, which will not be tried.

Defendants also previously asserted the following defenses, which will not be tried: (1) Plaintiffs' claims are barred, in whole or in part, by the doctrine of *in pari delicto*; and (2) Plaintiffs' claims are barred, in whole or in part, by their failure to join necessary parties.

Named Plaintiffs previously asserted claims for monopolization of an alleged relevant market for free-standing inserts (Counts II and VI); claims for exclusive dealing in an alleged relevant market for free-standing inserts (Counts III and VII in part); as well as claims for bundling and tying (Counts IV and VIII). All such claims have been dismissed. *See* ECF No. 281.

## V.     <u>JURY TRIAL</u>

The parties agree that the case is to be tried by a jury. Plaintiffs estimate that it will take ten days to present their case. Defendants estimate that it will take ten days to present their case. Those estimates are exclusive of opening and closing arguments.

4068762v6/013828

VI.     **TRIAL BY MAGISTRATE JUDGE**

The parties do not consent to trial of the case by a magistrate judge.

VII.    **JOINT STIPULATIONS**

None.

VIII.   **WITNESSES**

**Plaintiffs' Witnesses**

Plaintiffs intend to call the following witnesses, in person or by deposition or prior trial testimony (as indicated), at trial:

1.  Jesse Aversano (in person or by deposition)

2.  Karl Ball (by deposition)

3.  Christina Bedell (in person or by deposition)

4.  Larry Berg (by deposition)

5.  Joseph Bevilacqua (by deposition)

6.  David Brotherton (by deposition)

7.  Wayne Campanelli (in person or by deposition)

8.  Paul Carlucci (by deposition)

9.  Jennifer Corsiglia-Keim (in person)

10. Robert Emmel (by deposition)

11. Dr. Paul W. Farris (in person)

12. Marion Findlay (by deposition)

13. Martin Garofalo (in person or by deposition)

14. Charles Gitkin (in person)

15. Dominic Hansa (in person or by deposition)

9

16. Gary Henderson (in person)

17. Henry Hendrix (by deposition)

18. Andrea Jeannet (in person)

19. Michael Kowalkczyk (in person)

20. Debra Lucidi-Chammas (in person or by deposition)

21. Dr. Jeffrey K. MacKie-Mason (in person)

22. West Naze (in person or by deposition)

23. Nancy Perkins (in person or by deposition)

24. George Rebh (by deposition or prior trial testimony)

25. Christopher Ross (in person)

26. Alan Verdun (in person or by deposition)

Plaintiffs reserve the right to modify, supplement or amend their witness list and/or to withdraw their listing of any fact or expert witness. Plaintiffs also reserve the right to call any witness that Defendants identify on their list of witnesses or call during the trial and the right to use and/or rely upon any deposition testimony designated by Defendants in whole or in part.

For any witness that Defendants call by deposition, Plaintiffs reserve the right to play as counter-designations any testimony that previously was designated by Plaintiffs as an affirmative, rebuttal or counter-designation for that deposition during the pre-trial exchange process.

Plaintiffs object to Defendants' inclusion on their witness list of witnesses who were not properly disclosed under Rule 26, including all witnesses that Defendants intend to call "for the purpose of introducing documents in evidence." Plaintiffs further object to Defendants' apparent intent to seek depositions of some of those individuals. Should the Court permit Defendants to

10

call any such witnesses, Plaintiffs reserve the right to depose the witnesses prior to trial and to identify and call additional witnesses in response to their testimony.

**Defendants' Witnesses**

Defendants intend to call the following witnesses to testify, in person or by deposition (as indicated), at trial:

1. Larry Berg (by deposition)

2. Christopher Blanco (in person)

3. David Brotherton (in person or by deposition)

4. Dr. Dennis Carlton (in person)

5. Jennifer Corsiglia-Keim (in person or by deposition)

6. Dr. Sanjay Dhar (in person)

7. Katy Dickson (in person)

8. Mark Dietz (in person or by deposition)

9. Daniel Dmochowski (by deposition)

10. Marion Findlay (in person or by deposition)

11. Martin Garofalo (in person)

12. Melissa Gilreath (in person or by deposition)

13. Charles Gitkin (in person or by deposition)

14. Dr. Jerry Hausman (in person)

15. Henry Hendrix (in person or by deposition)

16. Andrea Jeannet (in person or by deposition)

17. Patrick Kroc (in person)

18. Patrick Maguire (in person or by deposition)

11

19. Michael Merritt (in person or by deposition)

20. Theodor Muir (in person or by deposition)

21. Dr. Kevin Murphy (in person)

22. Marty Ordman (by deposition)

23. Christopher Ross (in person or by deposition)

24. Mark Schulman (in person)

25. Robert Spitz (in person)

26. William Toler (by deposition)

27. Erin Turley (in person or by deposition)

28. Wendy Warus (in person or by deposition)

29. Karen Welch (in person or by deposition)

Defendants may call the following witnesses to testify, in person or by deposition (as indicted), at trial:

1.  Jesse Aversano (in person)

2.  Christina Bedell (in person)

3.  Joseph Bevilacqua (in person)

4.  David Biery (by deposition)[7]

5.  Wayne Campanelli (in person)

6.  Paul Carlucci (in person)

---

[7] Defendants have designated portions of deposition testimony from David Biery and Scott Simcox in response to certain testimony Plaintiffs intend to offer, including the testimony of George Rebh and Karl Ball. Defendants' designations are without prejudice to their argument that the testimony of George Rebh and Karl Ball is irrelevant and inadmissible. As set forth in the reservation of rights attached to Defendants' designations, Defendants reserve all rights to amend or withdraw all their designations, including those from David Biery and Scott Simcox, in light of this Court's evidentiary rulings, or for any other reason.

4068762v6/013828

7.  Thomas Dittrich (in person)

8.  Dominic Hansa (in person)

9.  John Kelly (in person)

10. Christopher Mixson (in person)

11. West Naze (in person)

12. Nancy Perkins (in person)

13. Scott Simcox (by deposition)

14. Alan Verdun (in person)

Defendants reserve the right to call any or all of the following for the purpose of introducing documents in evidence if Plaintiffs will not stipulate to their admissibility:

1.  Will Brunt (in person or by deposition)

2.  John Hans (in person or by deposition)

3.  Camilla Innes (in person or by deposition)

4.  Joseph W. Luter, IV (in person or by deposition)

5.  Larry Pope (in person or by deposition)

6.  George Richter (in person or by deposition)

7.  Britt Scopa (in person or by deposition)

8.  Custodian of Records, Valassis Communications, Inc. (in person or by deposition)

9.  Custodian of Records, MacAndrews & Forbes Holdings, Inc. (in person or by deposition)

10. Custodian of Records, Harland Clarke Holding Corp. (in person or by deposition)

11. Custodian of Records, JP Morgan Securities LLC (in person or by deposition)

12. Custodian of Records, Promotion Execution Partners, LLC (in person or by deposition)

13. Custodian of Records, Catalina Marketing Corp. (in person or by deposition)

14.  Custodian of Records, Insignia Systems, Inc. (in person or by deposition)

Defendants reserve the right to modify, supplement or amend their witness list and/or to withdraw their listing of any fact or expert witness. Defendants also reserve the right to call any witness that Plaintiffs identify on their list of witnesses or call during the trial and the right to use and/or rely upon any deposition testimony designated by Plaintiffs in whole or in part.

For any witness that Plaintiffs call by deposition, Defendants reserve the right to play as counter-designations any testimony that previously was designated by Defendants as an affirmative, rebuttal or counter-designation during the pre-trial exchange process.

Defendants object to Plaintiffs' inclusion on their witness list of witnesses who were not properly disclosed under Rule 26, including Mike Kowalczyk and Gary Henderson. Should the Court permit Plaintiffs to call any such witnesses, Defendants reserve the right to depose the witnesses prior to trial and to identify and call additional witnesses in response to their testimony.

Defendants also object to Plaintiffs' designations of deposition testimony by Plaintiffs' own employees on the grounds that those witnesses must be presented live at trial if Plaintiffs intend to offer their testimony.

## VIII.  **DEPOSITION TESTIMONY**

**Plaintiffs' Deposition Designations:**[8]

*See* Exhibit 1, attached hereto.

**Defendants' Deposition Designations:**

*See* Exhibit 2, attached hereto.

---

[8]     The parties have entered many of their objections in abbreviated or numbered form. The parties' objection codes are attached as Exhibit 5.

## IX.   **EXHIBITS**

**Plaintiffs' Exhibits:**

*See* Exhibit 3, attached hereto.

**Defendants' Exhibits:**

*See* Exhibit 4, attached hereto.

4068762v6/013828

Respectfully submitted,

/s/ James T. Southwick
James T. Southwick
Richard W. Hess (pro hac vice)
SUSMAN GODFREY, LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Phone: (713) 651-9366
jsouthwick@susmangodfrey.com
rhess@susmangodfrey.com
rcaughey@susmangodfrey.com

Steven F. Benz
KELLOGG, HUBER, HANSEN, TODD,
EVANS & FIGEL, PLLC
1615 M Street, N.W., Suite 400
Washington, DC 20036
Phone: (202) 326-7900
sbenz@khhte.com

*Co-Lead Class Counsel*


Daniel B. Goldman
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
Phone: (212) 715-9162
dgoldman@kramerlevin.com

BERRY LAW PLLC
R. Stephen Berry *(pro hac vice)*
1717 Pennsylvania Ave., NW, Suite 450
Washington, DC 20006
Phone: (202)296-3038
sberry@berrylawpllc.com


/s/ Kenneth A. Gallo
Kenneth A. Gallo
Jane B. O'Brien
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON, LLP
2001 K Street, NW
Washington, D.C. 20006-1047
Telephone: (202) 223-7300
kgallo@paulweiss.com
jobrien@paulweiss.com

William B. Michael
Geoffrey R. Chepiga
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
wmichael@paulweiss.com
gchepiga@paulweiss.com

*Attorneys for Defendants*


Lewis T. LeClair (pro hac vice)
MCKOOL SMITH, PC
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Phone: (214) 978-4984
lleclair@mckooksmith.com

John C. Briody
James H. Smith
MCKOOL SMITH, PC
One Bryant Park, 47th Floor
New York, NY 10036
Phone: (212) 402-9438
jbriody@mckoolsmith.com
smith@mckoolsmith.com


*Attorneys for Plaintiffs*

4068762v6/013828