| | |
|---|---|
| **SUSMAN GODFREY, L.L.P.** | **KELLOGG, HUBER, HANSEN, TODD,** |
| 1000 Louisiana | **EVANS & FIGEL, P.L.L.C.** |
| Suite 5100 | 1615 M Street, N.W. |
| Houston, TX 77002 | Suite 400 |
| (713) 651-9366 | Washington, D.C. 20036 |
| | (202) 326-7900 |

January 26, 2016

*Via Electronic Filing and Overnight Delivery*

The Honorable William H. Pauley III
United States District Judge
U.S. District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *The Dial Corporation, et al. v. News Corporation, et al.*, No. 13-6802 (WHP) (S.D.N.Y.)

Dear Judge Pauley:

      We write in response to the letter filed by attorney Daniel A. Sasse of the law firm Crowell & Moring, filed on January 25, 2016, purporting to represent class members in this lawsuit and requesting permission to "communicate with News America Marketing and its outside counsel at Paul, Weiss, Rifkind, Wharton & Garrison, LLP" regarding settlement. ECF Dkt. No. 440. Class Counsel oppose Mr. Sasse's request and urge the Court to reject it. In the alternative, if the Court is inclined to consider this request, Class Counsel seek a pre-motion conference to schedule full briefing before the Court makes any final decision regarding Mr. Sasse's request.

      Your Honor appointed the law firms Susman Godfrey and Kellogg, Huber, Hansen, Todd, Evans & Figel to be Class Counsel. *See* ECF Dkt. No. 257. We, therefore, represent *all* class members in this matter. *See Van Gemert v. Boeing Co.*, 590 F.2d 433, 440 n.15 (2d Cir. 1978) (en banc) ("A certification under Rule 23(c) makes the Class the attorney's client for all practical purposes."); *Gortat v. Capala Bros.*, No. 07 Civ. 3629, 2010 WL 1879922, at *2 (E.D.N.Y. May 10, 2010). As Class Counsel, along with our co-counsel and corporate class representatives, we have expended many millions of dollars in time and expenditures getting the case to this point. Over a period of years we prepared and filed this case with our clients and completed discovery and moved for certification of this class, which Your Honor granted. Most recently we have briefed and defeated Defendants' summary judgment motion and have briefed and defeated Defendants' Rule 23(f) petition to the Second Circuit. We are prepared to try this case starting February 29. Any class members who did not wish for us to represent them as class counsel had the right and opportunity to opt out of the class during the period established by the Court – September 21, 2015. *See* Fed. R. Civ. P. 23(c)(2)(B)(v)-(vi). Only one consumer packaged goods company chose to opt out of the class. *See* ECF Dkt. No. 304-1 at 3.

The Honorable William H. Pauley III
January 26, 2016 - Page 2

      Now, long after the opt-out period in this case expired, Mr. Sasse, purporting to "represent a number of class members" in this litigation, ECF Dkt. No. 440, seeks to benefit from the time and effort that the named Plaintiffs and Class Counsel have put forward in support of the class's claims in order to strike a separate deal. Permitting separate settlements after the opt-out period defeats the purpose and protections of the Rule 23 opt-out period, enables free riders, and — potentially most importantly — makes Class Counsel's negotiating a *class-wide* settlement with Defendants nearly impossible. If Defendants and their in-house and outside counsel are able to enter into settlement negotiations with any class member on an individual basis, Plaintiffs cannot effectively use the class's leverage in settlement discussions for class-wide relief. Moreover, if Defendants may settle with individual class members as they wish, they have no incentive to engage named Plaintiffs on class-wide relief.

      Additionally, permitting *any* class member to enter into a side negotiation with the Defendants through outside counsel under the terms of the Court's November 16 Order will substantially impede Plaintiffs' ability to prepare for trial. When the Court approved Defendants' request to contact "a select few of [their] largest CPG customers" concerning settlement, the Court permitted Class Counsel the opportunity to inform those CPG customers of the nature and status of the litigation before being contacted by Defendants and to request access to confidential information for those CPGs. ECF Dkt. No. 339 at 5. Those protections were necessary to remedy the "imbalance of information" that comes from the fact that the Defendants possess confidential information and the class members do not. *Id.* at 4. Class Counsel have diligently performed those tasks for those of the twenty-three CPGs that Defendants informed Class Counsel they intended to contact who ask, despite concerns that doing so would impede Plaintiffs' preparation for trial. *See* ECF Dkt. No. 352 at 1. We note that *none* of the twenty-three CPGs have settled with Defendants since the Court allowed contact and that the possibility of further negotiations continues. Expanding those obligations at this time to any class member who wishes to make a separate peace in light of the favorable rulings named Plaintiffs have secured will add a substantial burden at a critical juncture in the case.

      Finally, to the extent that any of the class members Mr. Sasse claims to represent were solicited, counsel may have violated their ethical obligations. *See, e.g.*, Newberg on Class Actions (5th ed.) § 9.9 ("Given the flat restriction on communications with represented parties, there are few cases in which plaintiffs have had to seek protective orders prohibiting such communications although when they have, courts have found the authority to regulate . . . ."); *id.* § 9.10 ("A court overseeing a proposed settlement asked to regulate nonparty communications such as those from competing counsel will tend to do so if some element of the communications is misleading *or undermines the class action process*.") (emphasis added); *Jacobs v. CSAA Inter-Insurance*, No. C 07-00362, 2009 WL 1201996 (N.D. Cal. May 1, 2009) (enjoining plaintiff's counsel in a parallel state action from contacting class members in a federal class action) ("[T]he instant class was conditionally certified for settlement purposes, and the instant class members are represented by plaintiff's counsel. The rules of ethical conduct require that communications with class members relating to asserted claims in the federal class action are transmitted through counsel for the class.").

The Honorable William H. Pauley III
January 26, 2016 - Page 3

      The Court appointed Class Counsel to represent the class and gave those CPG company class members who did not wish for us to represent them the chance to opt out with outside counsel of their choice.  That chance has passed.  For the sake of all class members, Class Counsel need to have the authority to make class-wide decisions as we approach the final stages of this litigation without worrying that we will lose class members.  Permitting third-party counsel to settle out individual class members will hurt the class as a whole and make a mockery of the class certification procedures and protections embodied in Rule 23.

      Class Counsel respectfully request that:

      the Court exercise its supervisory power to prohibit Daniel Sasse and Crowell & Moring, and any other outside counsel, from entering into negotiations with the Defendants on behalf of any absent class members and from soliciting any other class members with respect to this lawsuit;

      in the alternative, if the Court is inclined to consider Mr. Sasse and Crowell & Moring's request, the Court set a pre-motion conference to schedule full briefing before the Court makes any final decision regarding Mr. Sasse and Crowell & Moring's request.

                             Respectfully submitted,

| _/s/ James T. Southwick_ | Steven F. Benz (signature) |
|---|---|
| James T. Southwick | Steven F. Benz |
| Susman Godfrey, L.L.P. | Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C. |

                               Co-Lead Counsel

cc:     Counsel of Record (via ECF notification)