PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
TELEPHONE (202) 223-7300
WASHINGTON, DC 20006-1047

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 3601, OFFICE TOWER A
BEIJING FORTUNE PLAZA
NO. 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(202) 223-7356

WRITER'S DIRECT FACSIMILE
(202) 204-7356

WRITER'S DIRECT E-MAIL ADDRESS
kgallo@paulweiss.com

February 5, 2016

**CORRECTED COPY**

**By ECF and Hand Delivery**

The Honorable William H. Pauley III
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY  10007-1312

> *The Dial Corporation, et al.* v. *News Corporation, et al.*,
> No. 13-cv-06802 (WHP) (S.D.N.Y.)

Dear Judge Pauley:

      We write on behalf of Defendants in the above-referenced matter to request permission to issue deposition subpoenas to the custodians of records of two non-parties, Valassis Communications, Inc. and Catalina Marketing Corporation.

      As we discussed with Your Honor at the January 26, 2016 pretrial conference, over the past several months, five non-parties who produced documents in response to subpoenas have certified that their documents are authentic business records pursuant to Fed. R. Evidence 902(11).  Unfortunately, two of NAM's competitors, Valassis and Catalina, have refused to certify certain of their own documents as authentic business records.  We tried to resolve the matter through a stipulation with Plaintiffs but that effort also has been unsuccessful.  Plaintiffs and Valassis have a common interest agreement in place related to this litigation.  Accordingly, we reluctantly seek permission from the Court to issue deposition subpoenas to address these document issues.

      The four narrow categories of documents for which NAM requires certification or testimony should not be the subject of any *bona fide* dispute:

- <u>SEC filings and transcripts of investor calls</u>.  Valassis has refused to certify that its own SEC Form 10-K, and ten transcripts of investor calls, are authentic and that the statements were made as part of the ordinary

The Honorable William H. Pauley III                                                                                          2

course of Valassis's business. Seven of the transcripts were produced after the close of discovery by J.P. Morgan Securities LLC, an agent of Harland Clarke Holdings Corporation in its 2014 acquisition of Valassis. Versions of transcripts of all but one of the investor calls for which NAM seeks certification are available on the archives of Valassis's own investor website. Catalina likewise refuses to certify that six of its SEC filings are its own business records.

- <u>Valassis's own signed agreements</u>: Valassis has refused to certify that 50 signed contracts between Valassis and retailers or CPGs are authentic business records. Valassis itself produced all but three of the agreements, which were instead produced by Valassis's parent company, Harland Clarke.

- <u>Valassis's own data</u>. There are 84 data files, all produced by Valassis in response to our subpoena requesting data on their in-store sales and profitability projections. These documents come straight out of Valassis's own files and accounting system. Experts for both NAM and the Plaintiffs have relied on the data.

- <u>Valassis marketing materials that it sent to retailers and CPGs</u>. Valassis produced, and NAM seeks to certify, twelve documents that Valassis sent to retailers and CPGs promoting its in-store capabilities.

For these reasons, NAM respectfully requests permission to issue subpoenas to the custodians of records of Valassis and Catalina for depositions concerning the above-identified documents.

Respectfully submitted,

<u>/s/ Kenneth A. Gallo</u>
Kenneth A. Gallo

cc: Counsel of Record (by ECF)