| | |
|---|---|
| **SUSMAN GODFREY, L.L.P.** | **KELLOGG, HUBER, HANSEN, TODD,** |
| 1000 Louisiana | **EVANS & FIGEL, P.L.L.C.** |
| Suite 5100 | 1615 M Street, N.W. |
| Houston, TX 77002 | Suite 400 |
| (713) 651-9366 | Washington, D.C. 20036 |
| | (202) 326-7900 |

February 8, 2016

**VIA ECF AND OVERNIGHT DELIVERY**

The Honorable William H. Pauley III
United States District Judge
U.S. District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *The Dial Corporation, et al. v. News Corporation, et al.*, Case No. 13-cv-6802
             (WHP) (S.D.N.Y.)

Dear Judge Pauley:

      Plaintiffs write in response to News's February 5, 2016 correspondence to the Court, ECF No. 478. Plaintiffs oppose News's request to take any additional depositions in this case.

      Omitted from News's letter is the fact that its proposed subpoena to Valassis would be the second subpoena—concerning the same subject matter—that News issued to Valassis in this case. Nearly one year ago, on April 15, 2015, News first served a subpoena on Valassis. *See* Exhibit A. That subpoena sought testimony concerning the same subjects for which News seeks leave to serve a subpoena now—authentication and the circumstances of the creation of certain Valassis documents. *Id.* at Schedule A, Topic Nos. 6 and 7. If News wanted to take this discovery, it should have followed up on the subpoena it already issued. News instead abandoned that subpoena. It should not be permitted a second bite at the apple at this late date.

      News was obligated to seek the discovery it needed within the fact discovery period and is required to demonstrate "good cause" under Rule 16(b) to be relieved of that deadline. *See, e.g., Sanofi-Synthelabo v. Apotex Inc.*, No. 02 Civ. 2255 (SHS), 2005 WL 469594, at *1 (S.D.N.Y. Feb. 18, 2005) (citing Rule 16(b) and denying leave to serve subpoenas that could have been pursued, but were not, during fact discovery); *Donk v. Miller*, No. 99 Civ. 3775 KMW FM, 2000 WL 218400, at *4-6 (S.D.N.Y. Feb. 24, 2000) (same).

      "'Good cause' means that the schedule 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Covington v. Kid*, No. 94 Civ. 4234 (WHP), 1999 WL 9835, at *3 (S.D.N.Y. Jan. 7, 1999) (quoting Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment). News does not mention this standard in its letter because there is no way it can satisfy it. News cannot argue it was diligent in pursuing discovery that it already abandoned (Valassis) or did not bother to seek during the fact discovery period (Catalina).

The Honorable William H. Pauley III
February 8, 2016 - Page 2

News asks for a "free pass" and shamelessly blames Plaintiffs for its lack of diligence in seeking discovery from Valassis. News insinuates that Plaintiffs and Valassis have conspired to prevent News from authenticating the documents it wants.[1] That is demonstrably false. Back in *April of 2015*, Valassis by email offered to "schedule the deposition [pursuant to News's first subpoena] for a mutually agreed date." *See* Exhibit B. Plaintiffs never heard anything more about News's deposition subpoena. News had ample opportunity to pursue the discovery it seeks nearly a year ago. It chose not to. Plaintiffs have nothing to do with that failure.

News also suggests that its extraordinary delay should be forgiven because a few (seven) of the approximately 150 documents that it wants testimony about "were produced after the close of discovery." ECF No. 478 at 2. But News never mentions when it received those seven documents. Although it is unclear when News actually received the Valassis documents, Plaintiffs received them from News back in August of 2015. If these documents were so important, News should have promptly sought this deposition after receiving them.

Accordingly, there is no basis for the Court to permit News to issue a second subpoena to Valassis concerning the same subject matter as the previously abandoned subpoena. There likewise is no basis for the Court to allow News's proposed out-of-time Catalina subpoena. News does not even try to explain why it did not seek the requested discovery from Catalina during the fact discovery period.

This case is on the eve of trial. Plaintiffs' trial preparation should not be prejudiced by this eleventh hour diversion. If these documents were so important, News should have—and would have—pursued this discovery long ago. Accordingly, Plaintiffs respectfully request that the Court deny News's request for leave to serve subpoenas to Valassis and Catalina.

Respectfully submitted,

/s/ James T. Southwick
James T. Southwick
Susman Godfrey L.L.P.

Steven F. Benz
Kellogg, Huber, Hansen, Todd,
Evans & Figel, P.L.L.C.

Co-Lead Counsel

cc:   Counsel of record (via ECF)

---

[1] The fact that the "common interest" privilege applies to certain communications between Plaintiffs' counsel and Valassis's counsel has nothing to do with News's abandonment of its previously issued subpoena.