## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

THE DIAL CORPORATION,
HENKEL CONSUMER GOODS INC.
KRAFT HEINZ FOODS COMPANY,
H.J. HEINZ COMPANY LP,
FOSTER POULTRY FARMS,
SMITHFIELD FOODS, INC.,
HP HOOD LLC, and
BEF FOODS, INC.

Individually and On Behalf of
Similarly Situated Companies,

Plaintiffs,

v.

NEWS CORPORATION,
NEWS AMERICA INC.,
NEWS AMERICA MARKETING FSI L.L.C.,
NEWS AMERICA MARKETING IN-STORE
SERVICES L.L.C.,

Defendants.

Case No. 13 Civ. 06802 (WHP)

**PROPOSED AMENDED
JOINT PRETRIAL ORDER**

Pursuant to the Individual Practices of Judge William H. Pauley, the parties respectfully submit this amended Joint Pretrial Order.

## I. <u>CASE CAPTION</u>

The full caption of this matter is set forth above.

## II. <u>TRIAL COUNSEL</u>

**Counsel for Plaintiffs:**

Daniel B. Goldman (dgoldman@kramerlevin.com)

Dani R. James (djames@kramerlevin.com)
Steven S. Sparling (ssparling@kramerlevin.com)
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9162
Fax: (212) 715-8162

Lewis T. LeClair (lleclair@mckoolsmith.com)
John C. Briody (jbriody@mckoolsmith.com)
McKool Smith, P.C.
One Bryant Park, 47th Floor
New York, NY 10036
Telephone: (212) 402-9400
Fax: (212) 402-9444

Steven F. Benz (sbenz@khhte.com)
Kellogg, Huber, Hansen, Todd, Evan & Figel, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Fax: (202) 326-7999

James T. Southwick (jsouthwick@susmangodfrey.com)
Richard W. Hess (rhess@susmangodfrey.com)
Susman Godfrey LLP
1000 Louisiana
Houston, TX 77002
Telephone: (713) 653-7811
Fax: (713) 654-6666

R. Stephen Berry (sberry@berrylawpllc.com)
Berry Law PLLC
1717 Pennsylvania Ave. NW, Suite 450
Washington, DC 20006
Telephone: (202) 296-3020
Fax: (202) 296-3038

**Counsel for Defendants:**

Paul, Weiss, Rifkind, Wharton & Garrison LLP
Kenneth A. Gallo (kgallo@paulweiss.com)
Jane B. O'Brien (jobrien@paulweiss.com)
Justin Anderson (janderson@paulweiss.com)
Mitchell D. Webber (mwebber@paulweiss.com)
2001 K Street, NW

KL3 3065591.3

Washington, DC 20006-1047
Phone: (202) 223-7300
Fax: (202) 223-7420

William B. Michael (wmichael@paulweiss.com)
Geoffrey R. Chepiga (gchepiga@paulweiss.com)
Jeffrey J. Recher (jrecher@paulweiss.com)
1285 Avenue of the Americas
New York, NY 10019-6064
Phone: (212) 373-3000
Fax: (212) 757-3990

## III.    SUBJECT MATTER JURISDICTION

Plaintiffs contend that this Court has subject-matter jurisdiction under 28 U.S.C. §§ 1337 (commerce and antitrust regulation) and 1331 (federal question), as this action arises under Sections One and Two of the Sherman Act, 15 U.S.C. §§ 1, 2, Section Three of the Clayton Act, 15 U.S.C. § 14, and Sections Four and Sixteen of the Clayton Act, 15 U.S.C. §§ 15(a) and 26. This Court has supplemental jurisdiction over state-law claims pursuant to 28 U.S.C. § 1367.

Defendants do not contest that this Court has subject matter jurisdiction.

## IV.    CLAIMS AND DEFENSES

**Plaintiffs' Summary of Claims and Defenses to be Tried:**

Plaintiffs state claims under Sections One and Two of the Sherman Act, 15 U.S.C. §§ 1, 2, Section Three of the Clayton Act, 15 U.S.C. § 14, Sections Two and Three of the Michigan Antitrust Reform Act, Mich. Comp. Laws Ann. §§ 445.772 and 445.773 and N.Y. Gen. Bus. Law § 340(1). Plaintiffs claim Defendants unlawfully obtained and maintained a monopoly over the market for third-party in-store promotions that are placed in retail stores such as supermarkets. Plaintiffs allege that Defendants accomplished this by engaging in a wide array of anticompetitive conduct, including hacking into a competitor's computer system and obtaining competitively sensitive customer lists, making false statements about competitors to potential

3

CPG customers, acquiring control over competing businesses, and entering into long-term, exclusive, staggered, cash-guaranteed contracts with retailers that prohibit the placement of third party in-store promotions by potential competitors. Plaintiffs further allege that Defendants' retailer agreements unlawfully restrain trade and result in high barriers to competitive entry and expansion, which protect Defendants' monopoly. Plaintiffs claim that Defendants have injured competition and its suppression of competition has allowed it to charge Plaintiffs unlawful monopoly pricing throughout the damage period, beginning April 26, 2009 through today.

**Defendants' Summary of Claims and Defenses to be Tried:**

Defendants deny all of Plaintiffs'[1] allegations and claims. Defendants further deny that Plaintiffs are entitled to any award of damages, attorneys' fees, costs, interest, or injunctive relief of any kind. By providing the following summary of claims and defenses to be tried, Defendants do not waive any of their pending or forthcoming motions (including motions *in limine*) and do not concede that there is any triable issue of fact in this action.[2]

1.     Plaintiffs cannot establish the elements of any claim under Sections 1 or 2 of the Sherman Act, 15 U.S.C. §§ 1, 2, or Section 3 of the Clayton Act, 15 U.S.C. § 14. Plaintiffs are not entitled to any damages or other monetary relief under Section 4 of the Clayton Act, 15 U.S.C. § 15, or to any injunctive relief under Section 16 of the Clayton Act, 15 U.S.C. § 26. Plaintiffs also cannot establish the elements of any claim, and are not entitled to any damages or other monetary relief or to any injunctive relief under Sections 2 or 3 of the Michigan Antitrust Reform, Mich. Comp. Laws Ann. § 445.772, 445.773, or under N.Y. Gen. Bus. Law § 340(1).

---

[1]     As used herein, the term "Plaintiffs" refers to any or all of the Named Plaintiffs and class members.

[2]     Plaintiffs bear the burden the proof on all their claims. The inclusion of any contention or defense herein does not concede that Defendants bear the burden of proof as to that issue.

4

2. Defendants have acted lawfully at all times, and caused no harm to competition or the competitive process. Any and all of the challenged conduct was lawful, reasonable, justified, procompetitive, and carried out in furtherance of legitimate business interests.

3. Defendants do not have monopoly power or market power, and have not willfully acquired or maintained monopoly power or market power by anticompetitive conduct, in any properly defined relevant product or geographic market.

4. The allegedly "long-term, exclusive contracts" entered into between News America Marketing In-Store Services, L.L.C. ("NAM") and retailers were not exclusionary or anticompetitive, did not unlawfully restrain trade, and did not substantially foreclose competition. These contracts were of presumptively lawful duration, and almost every single one expired and came up for bid during the relevant period. The "exclusivity" provisions of those contracts are narrow and procompetitive. All challenged features of these contracts were standard for the industry, employed by third-party in-store providers that compete with NAM, and in no way foreclosed competition. The contract features benefited CPGs and retailers.

5. NAM's payments to retailers were above-cost, and in no way predatory, exclusionary, or anticompetitive. The payments are procompetitive and standard for the industry. They benefited retailers and CPGs.

6. The procompetitive benefits of NAM's contracts with retailers and with CPGs outweigh any anticompetitive effects.

7. The alleged business torts—if they occurred, which Defendants deny—were not anticompetitive or exclusionary conduct, did not harm competition in any time period, and did not harm competition during the relevant time period in this case.

KL3 3065591.3

8.     The alleged anticompetitive agreements with competitors were not anticompetitive or exclusionary conduct and did not harm competition.

9.     Plaintiffs have failed to properly define a relevant product or geographic market.[3]

10.     Plaintiffs have suffered no antitrust injury, and therefore cannot recover damages or other monetary relief under Section 4 of the Clayton Act, 15 U.S.C. § 15, and cannot recover injunctive relief under Section 16 of the Clayton Act, 15 U.S.C. § 26.

11.     Plaintiffs lack standing to assert any federal or state antitrust claims.

12.     Plaintiffs cannot prove injury on a classwide basis. Class members purchased different in-store promotions at different times pursuant to different contracts and at different prices, and received discounts (or other benefits) that exceeded—or substantially offset—any alleged overcharge.[4]

13.     The class representatives' claims are not typical of the claims of other class members.

14.     The challenged conduct was not the cause or proximate cause of any injury.

15.     Defendants have not charged supracompetitive prices on in-store promotions during the relevant period.

16.     Plaintiffs have suffered no damages as a result of any of the challenged conduct. Damages, if any, are speculative, uncertain, and cannot be proven.

---

[3]     While it is not Defendants' burden under Sections 1 or 2 of the Sherman Act or Section of the Clayton Act to prove a relevant product or geographic market, Defendants contend that the relevant product market is far broader than Plaintiffs' artificially narrow "market" consisting only of a handful of "pre-checkout," "third-party" promotions placed in the aisles of retail stores. Defendants contend that Plaintiffs' alleged relevant product market is improper because it excludes, among other things, promotions that retailers (i.e., not "third parties") sell directly to CPGs; promotions that CPGS place in stores themselves, such as on-pack coupons; register coupons; free-standing inserts; digital coupons that can be accessed at home or while in the store, and other forms of promotion or marketing.

[4]     Defendants reserve all rights to seek decertification of the class on this or any other basis. *See* Rule 23(c)(1)(C).

KL3 3065591.3

17.     Plaintiffs' claims are barred, in whole or part, because they failed to take reasonable action to mitigate their alleged injuries and damages suffered as a result of the challenged conduct.

18.     No Plaintiffs other than Dial Corporation and H.J. Heinz Company have any claims for damages related to any purchases of in-store promotions prior to May 2, 2009—four years before the filing of the first class action complaint in this case.  *See* 15 U.S.C. §15(b); Mich. Comp. Laws Ann. § 445.781; N.Y. Gen. Bus. Law § 340.

19.     Plaintiffs' claims are barred in whole or in part by contractual limitations provisions set forth in master agreements and/or letters of commitment with NAM.

20.     Plaintiffs' claims are barred, in whole or in part, under contractual agreements to release claims.[5]

21.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are seeking to recover damages on behalf of entities that are not class members, including entities that entered into mandatory arbitration agreements with NAM.[6]

22.     Plaintiffs' claims are barred, in whole or in part, because they cannot establish that Defendants News Corporation, News America, Inc., and News America Marketing FSI L.L.C. are directly or vicariously liable for any of the challenged conduct.

23.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

---

[5]     Defendants have produced relevant releases to Plaintiffs and asked them to stipulate to the appropriate reduction of damages for CPGs who have released claims. To date, Plaintiffs have not contested the validity of the releases, but have not agreed to stipulate to a reduction of damages.

[6]     Defendants have attempted to reach a stipulation with Plaintiffs excluding damages for those CPGs who entered into mandatory arbitration agreements, and therefore are not members of the certified class. However, to date, Plaintiffs have not agreed to enter into such a stipulation.

KL3 3065591.3

24.     Plaintiffs are not entitled to any injunctive relief because they cannot establish a basis for such relief, and because they have an adequate remedy at law.

25.     Plaintiffs are not entitled to any attorneys' fees or costs because they cannot establish a basis for such relief.

26.     Plaintiffs are not entitled to any pre-judgment interest pursuant to 15 U.S.C. § 15(a), nor to any post-judgment interest, because they cannot establish a basis for such relief.

27.     Plaintiffs are entitled to no other relief because they cannot establish a basis for any other relief.

***

Defendants previously asserted counterclaims in their Answer to Plaintiffs' Fourth Amended Complaint and Counterclaims, which will not be tried.

Defendants also previously asserted the following defenses, which will not be tried: (1) Plaintiffs' claims are barred, in whole or in part, by the doctrine of *in pari delicto*; and (2) Plaintiffs' claims are barred, in whole or in part, by their failure to join necessary parties.

Named Plaintiffs previously asserted claims for monopolization of an alleged relevant market for free-standing inserts (Counts II and VI); claims for exclusive dealing in an alleged relevant market for free-standing inserts (Counts III and VII in part); as well as claims for bundling and tying (Counts IV and VIII). All such claims have been dismissed. *See* ECF No. 281.

## V.     JURY TRIAL

The parties agree that the case is to be tried by a jury. Plaintiffs estimate that it will take six days to present their case. Defendants estimate that it will take seven days to present their case. Those estimates are exclusive of opening and closing arguments.

KL3 3065591.3

## VI. TRIAL BY MAGISTRATE JUDGE

The parties do not consent to trial of the case by a magistrate judge.

## VII. JOINT STIPULATIONS

None.

## VIII. WITNESSES

**Plaintiffs' Witnesses**

Plaintiffs intend to call the following witnesses, in person or by deposition or prior trial testimony (as indicated), at trial:

1. <u>Jesse Aversano</u> (News) (by deposition) – Executive Vice President, Field Operations. Mr. Aversano will provide testimony concerning News's business practices and anticompetitive conduct in the third party in-store promotions market. Mr. Aversano will also provide testimony concerning Goldman Sachs's analysis of News.

2. <u>Karl Ball</u> (Non-party Insignia) (by deposition) – Vice President for CPG Sales. Mr. Ball will provide testimony concerning Insignia's in-store promotions business and News's anticompetitive conduct in the third party in-store promotions market.

3. <u>Christina Bedell</u> (News) (by deposition) – Senior Vice President, Shopper Marketing. Ms. Bedell will provide testimony concerning News's business practices and anticompetitive conduct in the third party in-store promotions market.

4. <u>Larry Berg</u> (Valassis) (by deposition) – Vice President and General Manager. Mr. Berg will provide testimony concerning Valassis's in-store promotions business, including Valassis's entry into and exit from the third party in-store promotions market.

KL3 3065591.3

5.  Joseph Bevilacqua (News) (by deposition) – Executive Vice President, Western Sales Division Manager.  Mr. Bevilacqua will provide testimony concerning News's business practices and anticompetitive conduct in the third party in-store promotions market.

6.  David Brotherton (BEF Foods) (by deposition) – former Senior Brand Manager.  Mr. Brotherton will provide testimony concerning BEF Foods's marketing practices and relationship with News.

7.  Paul Carlucci (News) (in person or by deposition) – Former CEO.  Mr. Carlucci will provide testimony concerning News's business practices and anticompetitive conduct in the third party in-store promotions market.

8.  Jennifer Corsiglia-Keim (Foster Farms) (in person) – Senior Marketing Manager.  Ms. Corsiglia-Keim will provide testimony concerning Foster Farms's marketing practices and relationship with News.

9.  Robert Emmel (Non-party) (by deposition) – Former account director in retailer marketing at News America Marketing.  Mr. Emmel will provide testimony concerning News's business practices and anticompetitive conduct in the third party in-store promotions market.

10.  Dr. Paul W. Farris (Plaintiffs' expert) (in person) – Professor of Business Administration at the Darden Graduate School of Business Administration at the University of Virginia.  Dr. Farris will provide testimony related to marketing concepts and the market for third party in-store promotions.

11.  Martin Garofalo (News) (in person) – Chairman and CEO.  Mr. Garofalo will provide testimony concerning News's business practices and anticompetitive conduct in the third party in-store promotions market.

KL3 3065591.3

12. Charles Gitkin (Smithfield Foods) (in person) – Senior Vice President of Marketing. Mr. Gitkin will provide testimony concerning Smithfield's marketing practices and relationship with News.

13. Dominic Hansa (News) (by deposition) – Vice President of Shopper Marketing, Western Region. Mr. Hansa will provide testimony concerning News's business practices and anticompetitive conduct in the third party in-store promotions market.

14. Henry Hendrix (Dial/Henkel) (by deposition) – former Director of Shopper Marketing. Mr. Hendrix will provide testimony concerning Dial's marketing practices.

15. Debra Lucidi-Chammas (Non-party Sara Lee) (in person or by deposition) – Former Director of Business Services Procurement. Ms. Luicidi-Chammas will provide testimony concerning Sara Lee's relationship with News, including News's pricing of in-store promotions.

16. Dr. Jeffrey K. MacKie-Mason (Plaintiffs' expert) (in person) – ApplEcon, University Librarian, University of California, Berkeley. Dr. MacKie-Mason will provide testimony News's anticompetitive conduct and Plaintiffs' damages.

17. West Naze (News) (by deposition) – Former Executive Vice President of Sales. Mr. Naze will provide testimony concerning News's business practices and anticompetitive conduct in the third party in-store promotions market.

18. Nancy Perkins (News) (in person) – Senior Vice President, Shopper Marketing, Eastern Region. Ms. Perkins will provide testimony concerning News's business practices and anticompetitive conduct in the third party in-store promotions market.

19. George Rebh (Non-party FloorGraphics) (by deposition or prior trial testimony) – Former Co-Founder, Executive Vice President. Mr. Rebh will provide testimony concerning

KL3 3065591.3

FloorGraphics's in-store promotions business and News's anticompetitive conduct in the third party in-store promotions market.

20. <u>Christopher Ross</u> (HP Hood) (in person) – Vice President, Marketing. Mr. Ross will provide testimony concerning Smithfield's marketing practices and relationship with News.

21. <u>Alan Verdun</u> (News) (by deposition) – Executive Vice President, Sales, Eastern Division. Mr. Verdun will provide testimony concerning News's business practices and anticompetitive conduct in the third party in-store promotions market.

Plaintiffs reserve the right to modify, supplement or amend their witness list and/or to withdraw their listing of any fact or expert witness. Plaintiffs also reserve the right to call any witness that Defendants identify on their list of witnesses or call during the trial and the right to use and/or rely upon any deposition testimony designated by Defendants in whole or in part.

For any witness that Defendants call by deposition, Plaintiffs reserve the right to play as counter-designations any testimony that previously was designated by Plaintiffs as an affirmative, rebuttal or counter-designation for that deposition during the pre-trial exchange process.

Plaintiffs object to Defendants' inclusion on their witness list of witnesses who were not properly disclosed under Rule 26, including all witnesses that Defendants intend to call "for the purpose of introducing documents in evidence." Plaintiffs further object to Defendants' apparent intent to seek depositions of some of those individuals. Should the Court permit Defendants to call any such witnesses, Plaintiffs reserve the right to depose the witnesses prior to trial and to identify and call additional witnesses in response to their testimony.

KL3 3065591.3

**Defendants' Witnesses**

Defendants intend to call the following witnesses to testify, in person or by deposition (as indicated), at trial:

1. Larry Berg (by deposition). Mr. Berg works in Valassis's shared mail and neighborhood targeted business units. From late 2011 through mid-2014, he worked in Valassis's in-store business unit. Defendants have designated deposition testimony from Mr. Berg concerning Valassis's in-store business unit generally, and its negotiations and agreements with retailers from the time he began working in the in-store business unit.

2. Christopher Blanco (in person). Mr. Blanco is NAM's Chief Financial Officer. He will testify about NAM's business generally, and certain issues related to Plaintiffs' alleged damages, including NAM's contracts with CPGs that contain statute of limitations provisions.

3. David Brotherton (by deposition). Mr. Brotherton was, from approximately 2010 through 2014, a Senior Brand Manager at BEF Foods, Inc. ("BEF"), responsible for the marketing of BEF's side dishes and frozen foods. Defendants have designated deposition testimony from Mr. Brotherton concerning BEF's relationship and negotiating and contracting history with NAM, its purchases of marketing and promotional products from other vendors, and its use of marketing analytics to decide which marketing and promotional products to purchase.

4. Dr. Dennis Carlton (in person). Dr. Carlton is a Professor of Economics at the University of Chicago's Booth School of Business and a former Deputy Assistant Attorney General for Economic Analysis at the United States Department of Justice. Dr. Carlton will provide expert testimony concerning damages issues.

5. Jennifer Corsiglia-Keim (in person or by deposition). Ms. Corsiglia-Keim is a Senior Marketing Manager at Foster Farms. Defendants have designated deposition testimony

13

regarding, and expect to examine Ms. Corsiglia-Keim about, Foster Farms's marketing department generally; its marketing plans, budgets, objectives, and expenditures; its relationship and negotiations and contracting history with NAM; and its purchases of marketing and promotional products from other vendors.

6. <u>Dr. Sanjay K. Dhar</u> (in person). Dr. Dhar is a Professor of Marketing at the University of Chicago's Booth School of Business. Dr. Dhar will provide expert testimony concerning Plaintiffs' allegations concerning the relevant product market and market power.

7. <u>Katy Dickson</u> (in person). Ms. Dickson is NAM's Chief Marketing Officer and previously worked at General Mills, Inc. Ms. Dickson will testify about her marketing responsibilities at General Mills, General Mills's marketing department generally, and the factors that General Mills considered when deciding which marketing products to purchase. She will also testify about her role as Chief Marketing Officer at NAM, and the competition that NAM faces from other marketing and promotional tactics, such as digital advertising and direct retailer promotions.

8. <u>Mark Dietz</u> (by deposition). Mr. Dietz was the Vice President of Marketing and Business Development at John Morrell Food Group ("JFMG"), an independent operating company of Smithfield Foods, Inc.. Defendants have designated deposition testimony from Mr. Dietz concerning JMFG's marketing budget and objectives; Smithfield Foods's and JMFG's relationship and negotiating and contracting history with NAM; and JMFG's purchases of marketing and promotional products from other vendors.

9. <u>Daniel Dmochowski</u> (by deposition). Mr. Dmochowski is a former senior executive at Safeway, whose responsibilities included management of third-party vendors providing services or products in Safeway stores. Defendants have designated deposition testimony from Mr.

14

Dmochowski concerning Safeway's business relationships and negotiating and contract histories with Floorgraphics and with NAM.

10. <u>Marion Findlay</u> (by deposition). Ms. Findlay was a Group Leader of Licensing, Shopper Marketing, and Multi-Brand Partnerships at Heinz. Defendants have designated deposition testimony from Ms. Findlay concerning Heinz's marketing department generally; its marketing plans, objectives, budgets, and expenditures; its relationship and negotiating and contracting history with NAM; and its purchases of marketing and promotional products from other vendors.

11. <u>Martin Garofalo</u> (in person). Mr. Garofalo is the Chief Executive Officer of NAM and its former Executive Vice President of Trade. Mr. Garofalo will testify about NAM's business generally; its relationships, negotiations, and agreements with retailers; and the competitive landscape in which NAM sells in-store promotions.

12. <u>Melissa Gilreath</u> (by deposition). Ms. Gilreath is a senior marketing manager at HP Hood. Defendants have designated deposition testimony from Ms. Gilreath concerning HP Hood's marketing department generally; its marketing plans, objectives, budgets, and expenditures; its relationship and negotiating and contracting history with NAM; and its purchases of marketing and promotional products from other vendors.

13. <u>Charles Gitkin</u> (in person or by deposition). Mr. Gitkin is the Senior Vice President of Marketing for Smithfield Foods. He was previously the Vice President of Marketing, Innovation, and R&D at JMFG, and before that he was the Vice President of Marketing and R&D at Smithfield brand Armour-Eckrich. Defendants have designated deposition testimony regarding, and expect to examine Mr. Gitkin about, Smithfield Foods's marketing plans, objectives, budgets, and expenditures; its relationship and negotiating and contracting history

15

with NAM; and its purchases of marketing and promotional products from other vendors.

14. <u>Dr. Jerry Hausman</u> (in person). Dr. Hausman is a Professor of Economics at the Massachusetts Institute of Technology. Dr. Hausman will provide expert testimony concerning the competitive effects of NAM's alleged conduct on differently situated CPGs, the relevant product and geographic markets, and NAM's alleged market power, as well as other aspects of Plaintiffs' allegations.

15. <u>Henry Hendrix</u> (by deposition) was the Director of eCommerce at Henkel Consumer Goods, Inc. and former head of Henkel's shopper marketing department. Defendants have designated deposition testimony from Mr. Hendrix concerning Henkel's marketing department and Winning In Store group generally; their marketing plans, objectives, budgets, and expenditures; Henkel's relationship and negotiating and contracting history with NAM; and its purchases of marketing and promotional products from other vendors.

16. <u>Andrea Jeannet</u> (in person or by deposition). Ms. Jeannet is a senior manager in Henkel's Media & Integrated Marketing group. Defendants have designated deposition testimony regarding, and will examine Ms. Jeannet about, Henkel's marketing department generally; its marketing plans, objectives, budgets, and expenditures; its use of marketing analytics; and its purchase of marketing and promotional products from NAM and other vendors, especially digital and other advertising and promotional products.

17. <u>Patrick Kroc</u> (in person). Mr. Kroc is NAM's Executive Vice President of Trade. Mr. Kroc will testify about NAM's Trade Department; as well as NAM's relationships, negotiations, and agreement with retailers; and the competitive landscape in which NAM sells in-store promotions.

KL3 3065591.3

18. <u>Patrick Maguire</u> (by deposition). Mr. Maguire is a Senior Marketing Manager at HP Hood. Defendants have designated deposition testimony from Mr. Maguire concerning HP Hood's marketing plans, objectives, budgets, and expenditures; its relationship and negotiating and contracting history with NAM; and its purchases of marketing and promotional products from other vendors.

19. <u>Michael Merritt</u> (by deposition) is the Director of Portfolio Brands at Smithfield Foods and a former senior brand manager at Smithfield Packing, an independent operating company of Smithfield Foods, Inc. Defendants have designated deposition testimony from Mr. Merritt concerning Smithfield Packing's marketing department; its marketing plans, objectives, budgets, and expenditures; and its purchases of retailer-direct marketing programs and placement of its own in-store marketing products in retailers' stores.

20. <u>Theodor Muir</u> (by deposition). From 2011 through 2013, Mr. Muir was the Senior Director of Marketing for BEF. Defendants have designated deposition testimony from Mr. Muir concerning BEF's marketing department; its marketing plans, objectives, budgets, and expenditures; its relationship and negotiating and contracting history with NAM, and its purchases of marketing products from other marketing vendors.

21. <u>Dr. Kevin Murphy</u> (in person). Dr. Murphy is a Professor of Economics at the University of Chicago's Booth School of Business. Dr. Murphy will provide expert testimony concerning the competitive effects of NAM's conduct, the relevant product market, and NAM's alleged market power, as well as other aspects of Plaintiffs' allegations.

22. <u>Marty Ordman</u> (by deposition). Mr. Ordman is the former Vice President of Marketing and Corporate Communications at Dole Food Company. Defendants have designated deposition testimony from Mr. Ordman concerning the various products that Dole purchased to

market and promote its brands, the factors Dole considered when deciding which marketing and promotional products to purchase, and Mr. Ordman's experiences purchasing from NAM and other vendors.

23. <u>Christopher Ross</u> (in person or by deposition). Mr. Ross is HP Hood's Vice President for Marketing. NAM has designated deposition testimony, and expects to examine Mr. Ross about, HP Hood's marketing department; its marketing plans, objectives, budgets, and expenditures; its relationship and negotiating and contracting history with NAM; and its purchases of marketing products from other vendors.

24. <u>Mark Schulman</u> (in person). Mr. Schulman is NAM's Vice President for Pricing and Contracts. Mr. Schulman will testify about NAM's pricing and procedures, and the competitive landscape in which NAM sells in-store promotions.

25. <u>Robert Spitz</u> (in person). Mr. Spitz is NAM's Executive Vice President for National Sales. Mr. Spitz will testify about NAM's business, NAM's sales department and how NAM sells in-store promotions to CPGs, and the competitive landscape in which NAM sells in-store promotions.

26. <u>William Toler</u> (by deposition). Mr. Toler is the President and Chief Executive Officer of Hostess Brands, LLC, and has previously worked at Procter & Gamble, Nabisco, Campbell Soup Company, and Pinnacle Foods. Defendants have designated deposition testimony from Mr. Toler concerning his role in marketing purchases, the factors he considers in deciding what marketing products to purchase, and his experiences purchasing from NAM and other vendors.

27. <u>Erin Turley</u> (by deposition). Ms. Turley is the Senior Director of Innovation and Commercialization at Smithfield Foods and former Brand Director at Farmland Foods, an

independent operating company of Smithfield Foods, Inc. Defendants have designated deposition testimony from Ms. Turley concerning Farmland Foods's marketing department; its marketing plans, objectives, budgets, and expenditures; its negotiating, contracting, and purchasing history with NAM and other vendors; and Farmland Foods's purchases of retailer-direct marketing programs and placement of its own in-store marketing products in retailers' stores.

28. Wendy Warus (by deposition). Ms. Warus is the Vice President for Sales for eCommerce and former head of the Winning In Store division at Henkel Consumer Goods, Inc. Defendants have designated deposition testimony from Ms. Warus concerning Henkel's Winning In Store Group; its marketing plans, objectives, budgets, and expenditures, especially its purchase of merchandising and digital programs; and Ms. Warus's use of marketing research when selecting which marketing products to purchase.

29. Karen Welch (by deposition). Ms. Welch is a purchasing manager at Henkel Consumer Goods, Inc., where she is responsible for North America marketing-related purchases. Defendants have designated deposition testimony from Ms. Welch concerning Henkel's negotiating, contracting, and purchasing history with NAM and other vendors.

Defendants may call the following witnesses to testify, in person or by deposition (as indicated), at trial:

1. Jesse Aversano (in person). Mr. Aversano is NAM's Executive Vice President of Field Operations and its former Executive Vice President of Marketing. Mr. Aversano may testify about the competition NAM in-store promotions face from other marketing and promotional tactics, how NAM markets its in-store promotions against competitive alternatives, and NAM's field force, which places promotions in stores.

2. <u>Christina Bedell</u> (in person). Ms. Bedell is NAM's Senior Vice President of Shopper Marketing for the Central Region. Ms. Bedell may testify about NAM's relationships, negotiations, and agreements with retailers, as well as the competitive landscape in which NAM sells in-store promotions.

3. <u>Joseph Bevilacqua</u> (in person). Mr. Bevilacqua is NAM's Executive Vice President of Sales for the Western Division. Mr. Bevilacqua may testify about NAM's relationships, negotiations, and agreements with CPGs. He also may testify about the competition that NAM in-store promotions face from other marketing and promotional products.

4. <u>David Biery</u> (by deposition).[7] Mr. Biery is a former Vice President of Marketing at Food Lion, whose responsibilities included management of advertising and promotional products in Food Lion stores. Defendants have designated deposition testimony from Mr. Biery concerning Food Lion's business practices, its negotiations and contracts with CPGs, and its negotiation and contracts with third-party vendors, including Floorgraphics and NAM.

5. <u>Wayne Campanelli</u> (in person). Mr. Campanelli is NAM's Senior Vice President of Operations and former Senior Vice President of Finance. Mr. Campanelli may testify regarding NAM's contractual negotiations with retailers and CPGs, NAM's pricing, and the competition that NAM in-store promotions face from other marketing and promotional products.

6. <u>Paul Carlucci</u> (in person). Mr. Carlucci is the former Chief Executive Officer of NAM. He held that position from 1997 until his departure from the company in 2014. He may

---

[7] Defendants have designated portions of deposition testimony from David Biery and Scott Simcox in response to certain testimony Plaintiffs intend to offer, including the testimony of George Rebh and Karl Ball. Defendants' designations are without prejudice to their argument that the testimony of George Rebh and Karl Ball is irrelevant and inadmissible. As set forth in the reservation of rights attached to Defendants' designations, Defendants reserve all rights to amend or withdraw all their designations, including those from David Biery and Scott Simcox, in light of this Court's evidentiary rulings, or for any other reason.

testify about various aspects of NAM's business, and the competitive landscape in which NAM sells in-store promotions.

7.     Tom Dittrich (in person). Mr. Dittrich is NAM's Senior Vice President of Merchandising. Mr. Dittrich may testify about NAM's relationships with retailers, and the competition that NAM in-store promotions face from other marketing and promotional products.

8.     Dominic Hansa (in person). Mr. Hansa is NAM's Senior Vice President of Shopper Marketing for the Western Region. Mr. Hansa may testify about NAM's relationships, negotiations, and agreements with retailers, as well as the competitive landscape in which NAM sells in-store promotions.

9.     John Kelly (in person). Mr. Kelly is NAM's Executive Vice President of Retail Advertising Solutions and New Classes of Trade. Mr. Kelly may testify about NAM's Trade Department, as well as NAM's relationships, negotiations, and agreement with retailers; retail partnerships; NAM's efforts to expand into new classes of trade; and the competitive landscape in which NAM sells in-store promotions.

10.    Chris Mixson (in person). Mr. Mixson is the former President of NAM. Before Mr. Mixson left the company in 2013, he oversaw various aspects of NAM's business, including the sale of its in-store products. Mr. Mixson may testify about NAM's relationships and negotiations with retailers and CPGs, and the competitive landscape in which NAM sells in-store products.

11.    West Naze (in person). Mr. Naze is a former Executive Vice President of Sales at NAM. Before his departure from NAM in 2013, Mr. Naze was involved in the sale of NAM's in-store promotions, free-standing inserts, and other products. He may testify about NAM's

21

relationships, negotiations, and agreements with CPGs. He also may testify about the competition that NAM in-store promotions face from other marketing and promotional products.

12. <u>Nancy Perkins</u> (in person). Ms. Perkins is NAM's Senior Vice President of Shopper Marketing for the Eastern Region. Ms. Perkins may testify about NAM's relationships, negotiations, and agreements with retailers, as well as the competitive landscape in which NAM sells in-store promotions.

13. <u>Scott Simcox</u> (by deposition).[8] Scott Simcox was a Senior Vice President of Marketing Services for Insignia Systems. In that capacity, Mr. Simcox was responsible for Insignia's marketing services. Defendants have designated testimony from Mr. Simcox concerning the reasons why some CPGs and retailers stopped doing business with Insignia in the mid-2000s.

14. <u>Alan Verdun</u> (in person). Mr. Verdun is NAM's Executive Vice President of Sales for the Eastern Division. Mr. Verdun may testify about NAM's relationships, negotiations, and agreements with CPGs. He also may testify about the competition that NAM in-store promotions face from other marketing and promotional products.

15. <u>Custodian of Records of Valassis Communications, Inc.</u> (by deposition). Defendants may call the Custodian of Records of Valassis Communications, Inc. if Plaintiffs do not agree to stipulate that certain documents are authentic and business records.

16. <u>Custodian of Records of Catalina Marketing Corp.</u> (by deposition). Defendants may call the Custodian of Records of Catalina Marketing Corp. if Plaintiffs do not agree to stipulate that certain documents are authentic and business records.

---

[8] See footnote *supra* re David Biery.

Defendants reserve the right to modify, supplement or amend their witness list, add rebuttal witnesses in response to Plaintiffs' case-in-chief, and/or to withdraw their listing of any fact or expert witness. Defendants also reserve the right to call any witness that Plaintiffs identify on their list of witnesses or call during the trial, and the right to use and/or rely upon any deposition testimony designated by Plaintiffs in whole or in part.

For any witness that Plaintiffs call by deposition, Defendants reserve the right to play as counter-designations any testimony that previously was designated by Defendants as an affirmative, rebuttal, or counter-designation during the pre-trial exchange process.

Defendants object to Plaintiffs calling live any witnesses who were not designated to provide live testimony on Plaintiffs' Witness List as part of the January 15, 2016 Proposed Joint Pretrial Order (ECF No. 422).

## VIII. DEPOSITION TESTIMONY

**Plaintiffs' Deposition Designations:**[9]

*See* Exhibit 1, attached hereto.

**Defendants' Deposition Designations:**

*See* Exhibit 2, attached hereto.

## IX. EXHIBITS

**Plaintiffs' Exhibits:**

*See* Exhibit 3, attached hereto.

**Defendants' Exhibits:**

*See* Exhibit 4, attached hereto.

---

[9] The parties have entered many of their objections in abbreviated or numbered form. The parties' objection codes are attached as Exhibit 5.

Respectfully submitted,

| | |
|---|---|
| /s/ James T. Southwick | /s/ Kenneth A. Gallo |
| James T. Southwick | Kenneth A. Gallo |
| Richard W. Hess (pro hac vice) | Jane B. O'Brien |
| SUSMAN GODFREY, LLP | PAUL, WEISS, RIFKIND, WHARTON & |
| 1000 Louisiana Street, Suite 5100 | GARRISON, LLP |
| Houston, Texas 77002-5096 | 2001 K Street, NW |
| Phone: (713) 651-9366 | Washington, D.C. 20006-1047 |
| jsouthwick@susmangodfrey.com | Telephone: (202) 223-7300 |
| rhess@susmangodfrey.com | kgallo@paulweiss.com |
| rcaughey@susmangodfrey.com | jobrien@paulweiss.com |
| | |
| Steven F. Benz | William B. Michael |
| KELLOGG, HUBER, HANSEN, TODD, | Geoffrey R. Chepiga |
| EVANS & FIGEL, PLLC | 1285 Avenue of the Americas |
| 1615 M Street, N.W., Suite 400 | New York, NY 10019-6064 |
| Washington, DC 20036 | Telephone: (212) 373-3000 |
| Phone: (202) 326-7900 | wmichael@paulweiss.com |
| sbenz@khhte.com | gchepiga@paulweiss.com |
| | |
| *Co-Lead Class Counsel* | *Attorneys for Defendants* |
| | |
| Daniel B. Goldman | Lewis T. LeClair (pro hac vice) |
| KRAMER LEVIN NAFTALIS | MCKOOL SMITH, PC |
| & FRANKEL LLP | 300 Crescent Court, Suite 1500 |
| 1177 Avenue of the Americas | Dallas, Texas 75201 |
| New York, NY 10036 | Phone: (214) 978-4984 |
| Phone: (212) 715-9162 | lleclair@mckooksmith.com |
| dgoldman@kramerlevin.com | |
| | |
| BERRY LAW PLLC | John C. Briody |
| R. Stephen Berry *(pro hac vice)* | James H. Smith |
| 1717 Pennsylvania Ave., NW, Suite 450 | MCKOOL SMITH, PC |
| Washington, DC 20006 | One Bryant Park, 47th Floor |
| Phone: (202)296-3038 | New York, NY 10036 |
| sberry@berrylawpllc.com | Phone: (212) 402-9438 |
| | jbriody@mckoolsmith.com |
| | smith@mckoolsmith.com |

*Attorneys for Plaintiffs*

KL3 3065591.3